DE VRIES v. MEYERING LAND CO.

1. DAMAGES—LIABILITY NOT ESCAPED BECAUSE OF DIFFICULTY IN MAKING PROOF OF AMOUNT.

Escape from liability for damages caused by breach of contract may not be had because of difficulty in making proof of amount thereof.

2. SAME—WHEN SHOWN BY OPINION EVIDENCE.

Damages caused by breach of contract, which are incapable of mathematical demonstration, may be shown by opinion evidence.

3. EVIDENCE—MITIGATION OF DAMAGES.

In action by lot purchasers for damages for breach of contract by sellers in substituting park for artificial lake in

plat, testimony by defendant's witnesses that proposed park would add 50 per cent. to value of lots, while lake would add nothing, went only in mitigation of damages, and may not be made basis of award to plaintiffs.

4. Appeal and Error—Damages—Evidence—Assumption.

In action for damages caused to lot purchasers by substitution of park for artificial lake in plat, Supreme Court may not assume that jury accepted defendant's claim of increase in value of lots by reason of park and allowed same to plaintiffs for loss of lake, and then reverse case on such assumption, where there was other testimony showing value of lake to lots.

5. Contracts—Release Signed by One of Several Parties Nullity.

Where contracts for purchase of lots were signed by husbands and wives, unauthorized letter written by one husband alone consenting to substitution of park for artificial lake on plat was nullity.

6. Evidence—Admissibility.

Evidence as to former partnership relations between husbands as basis for claiming partnership in lots purchased by them and their wives, and that consent by one partner to change in contract was binding, was properly rejected, since said consent would not bind the wives, nor did it meet uncontradicted testimony that said consent was conditioned upon subsequent consent by others interested.

7. Damages—Excessive Verdict—Weight of Evidence.

In action for damages caused to lot purchasers by substitution of park for artificial lake in plat, judgment for plaintiffs for sums paid on contracts, with interest, and $1,000 for damages for loss of bargains on each lot, *held*, not so contrary to weight of evidence as to call for reversal.

Error to Kent; Brown (William B.), J. Submitted June 6, 1929. (Docket No. 73, Calendar No. 34,213.) Decided October 7, 1929.

Assumpsit by Fred DeVries and others against the Meyering Land Company, a corporation, to recover sums paid on land contracts and for loss of

bargains. From judgment for plaintiffs, defendant brings error. Affirmed.

*McAllister & McAllister,* for plaintiffs.

*Emil B. Gansser,* for defendant.

WIEST, J. Defendant company platted land near the city of Grand Rapids, with 43 lots bordering a planned artificial lake of seven acres, and sold three of such lots to plaintiffs under land contracts in which plaintiffs assumed obligation to pay a proportionate share of the expense of maintaining the lake. After plaintiffs had made some payments on the contracts, defendant desired to abandon the plan of having the lake, and procured vacation of the plat and in a new plat rearranged former lot lines and planned a park in place of the lake. Plaintiffs stood upon their contract rights, tendered performance thereunder, and, upon defendant's refusal to recognize such contracts, brought this action to recover damages for breach of the contracts, and had verdict and judgment for the amounts paid and $1,000 on each lot as compensation for loss of their bargains. Defendant reviews by writ of error, and contends that the damages awarded for loss of the bargains was excessive, without competent evidence, the verdict was contrary to the weight of the evidence, and the court erred in rulings.

Plaintiffs called witnesses experienced in real estate values, and they expressed opinions upon the value the lake would add to the lots. If defendant's wrong injured plaintiffs, then escape from damages cannot be had because of difficulty in making the proof of amount thereof. It was not necessary for

plaintiffs to find witnesses able to express opinions from experience in a like instance in the vicinity. No like instance was shown, and nòne probably existed. The evidence was the best available, and defendant is but experiencing the fate of one causing a damage incapable of mathematical demonstration, and, therefore, the measure may be shown by opinion evidence. Plaintiffs were to pay $2,000 each for the lots and assume their proportionate obligation to maintain the lake. Plaintiffs paid $1,380 on the contracts and that sum, with interest to date of trial, amounted to $1,536.75, and defendant confessed such liability. The jury awarded plaintiffs that amount and also $3,000, as compensation for loss of their bargains.

The lake did not exist; it was planned to be but three feet deep, was to cover seven acres, the water supply was undetermined, and the expense of maintenance to be borne in part by plaintiffs could not be estimated until it was determined. The lake, if of benefit, was, to the extent of its upkeep, a continuing liability. If the water supply to fill the lake, offset evaporation, maintain its level and prevent stagnation, had to be pumped from wells, the expense would be considerable. Few persons would probably care to have such a burden fastened, for all time, upon their property, and especially in conjunction with 40 other lot owners, with possible indifference by some of them toward the obligation. All such matters, however, were before the jury, as well as defendant's claim that the proposed park, instead of a lake, is of greater benefit to the lots and makes plaintiffs' bargains worth more.

One witness for defendant thought the park would add 50 per cent. to the value of the lots, while

an artificial lake would add nothing to the value. The testimony of defendant's manager at Grand Rapids showed a material increase in the value of the lots after the lake plan was abandoned and the park plan established.

Counsel for plaintiffs say that such testimony, regardless of other proof, sustains the verdict. We cannot so hold. Plaintiffs claimed compensation for loss of bargains arising from breach to create an artificial lake, and that such loss was not met or lessened by substitution of a park. The mentioned testimony went only in mitigation of damages, for plaintiffs made no claim and could not make any for appreciation in value by reason of a park.

Counsel for plaintiffs state in their brief in this connection, the following:

"The jury apparently considered the defendant's witnesses as a basis for their verdict."

If the jury accepted defendant's claim of increase in value of the lots by reason of the park and allowed the same to plaintiffs for loss of the lake, then the verdict cannot stand. We may not, however, reverse on such assumption, for there was other testimony showing the value to the land of such a lake.

Defendant offered in evidence the following writing:

"The Meyering Land Company,
"Detroit, Michigan.
"*Gentlemen:*
"It is agreeable to me if you abandon your plan for building a lake in that portion of the land shown as park on the recorded plat of Maryland Estates Subdivision, and in substitution therefor improve said parcel of land, above referred to, as a park,

according to the plan and under the direction of
Ray Wilcox, Engineer.

(Signed)    *    *    *

"Fred DeVries,
"E. Lugers,.
"By F. DeVries.
*    *    *

"Dated August 7, 1926."

This as it purports, was signed by Mr. DeVries
alone, and he testified, and was not contradicted,
that the consent was not to be binding until acceded
to by the other plaintiffs.    Mr. DeVries had no
authority to bind his wife or Mr. and Mrs. Lugers
by any such writing, and they never ratified his un-
authorized act.    The land contracts named as vend-
ees "Fred DeVries and Anne DeVries, husband and
wife, and Edward Lugers and Jennie Lugers, hus-
band and wife."    Under such contract and the testi-
mony the consent of Mr. DeVries was a nullity.

At the trial defendant wanted to show a former
business partnership between Mr. DeVries and Mr.
Lugers, who are brothers-in-law, and also real estate
transactions in which they were jointly interested,
as a basis for claiming a partnership relation in the
lots purchased of defendant, and, therefore, Mr. De-
Vries could give consent for both.    This the court
did not permit.    We approve the ruling.    The testi-
mony, if admitted, and the purpose thereof accom-
plished, would not have validated the asserted con-
sent as to Mrs. DeVries and Mrs. Lugers, or have
met the uncontradicted testimony that the consent,
as given, was conditioned upon subsequent consent
by the others interested.

The verdict was supported by competent evidence.
The weight to be given the evidence rested with the
jury, and we cannot find the verdict so contrary to

the weight of the evidence as to call for our interposition.

Defendant breached the contracts, and plaintiffs have a judgment for sums paid thereon and compensation for loss of their bargains. This ends the contracts.

We find no error calling for reversal. The judgment is affirmed, with costs to plaintiffs.

NORTH, C. J., and FEAD, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred. The late Justice FELLOWS took no part in this decision.