WATSON *v.* HARRISON.

1. CONTRACTS—DEPOSITS—CONDITIONS—EVIDENCE.
   In nonjury action of assumpsit to recover deposit made toward purchase of stock and fixtures of food market, evidence failed to establish that contract was conditioned upon an agreement by defendant to find suitable living quarters for plaintiffs.

2. DAMAGES—BREACH OF CONTRACT—STIPULATED DAMAGES.
   Express stipulations in a contract relative to damages for breach thereof will not be followed where it is obvious that the parties have disregarded the principle of just compensation for the injury sustained.

3. SAME—STIPULATED DAMAGES—PENALTY.
   Determination of court as to whether or not stipulation as to damages is in fact in the nature of a penalty is not made by what the parties intended, but by the relation of the magnitude of the sum stated to the subject matter.

4. SAME—STIPULATED DAMAGES.
   Where from the nature of the contract and the subject matter of the stipulation for the breach of which the sum is provided the actual damages are uncertain and difficult of ascertainment, the sum stated is adopted by the law as the

REFERENCES FOR POINTS IN HEADNOTES

[2] 15 Am. Jur., Damages, §§ 249, 250.
[3] 15 Am. Jur., Damages, §§ 243, 249, 250.
[3] Intention as criterion of character of provision as one for liquidated damages or penalty. 78 A.L.R. 846.
[4] 15 Am. Jur., Damages, § 243.
[5] 15 Am. Jur., Damages, § 258.
[5] Provision for liquidated damages in contract for sale of goods. 138 A.L.R. 594.

best and most certain mode of ascertaining the actual damage upon breach.

5. SAME—STIPULATED DAMAGES—PENALTY.

Where contract for purchase of stock and fixtures of a food market in the sum of $10,000 provided for deposit of $1,000 and for forfeiture thereof in case of default by purchasers, seller remaining in possession pending transfer of title, the forfeiture clause constituted a penalty and not an adherence to the principle of just compensation for breach of contract especially where the seller neither pleaded nor proved that she sustained damages.

6. SAME—EVIDENCE.

Where seller of business neither pleaded nor proved any damages and parties stipulated $1,000 damages for breach of contract involved, the trial court's allowance of $250 damages to seller was improper (3 Comp. Laws 1929, § 14134; Court Rule No. 23, § 5 [1945]).

7. COSTS—APPEAL BY BOTH PARTIES.

No costs are allowed where both parties appeal from a judgment for plaintiff in the amount of $750 in action to recover $1,000 and judgment is ordered entered in sum of $1,000 for plaintiffs but they had never offered to reimburse defendant for her expenses by reason of having entered into contract with plaintiffs.

Appeal from Tuscola; DesJardins (George W.), J. Submitted January 4, 1949. (Docket No. 7, Calendar No. 44,140.) Decided February 28, 1949.

Assumpsit by Walter S. Watson and wife against Frances J. Harrison to recover amount of deposit. Judgment for plaintiffs. Defendant appeals. Plaintiffs cross-appeal. Reversed and remanded for entry of judgment in larger amount.

*Paul Bairas* (*Timothy C. Quinn* and *Ralph L. Seltzer*, of counsel), for plaintiffs.

*Louis C. Cramton*, for defendant.

BUSHNELL, J. Plaintiffs, Walter. S. Watson and Frances A. M. Watson, his wife, on February 4, 1947,

entered into a written agreement with defendant Frances J. Harrison, of Vassar, Michigan, for the purchase of the stock and fixtures of "Harrison's Food Market," for which they agreed to pay Mrs. Harrison $10,000. A deposit of $1,000 was made as part of the purchase price, and the balance was to be paid on or before March 1, 1947, which was the agreed time of possession. Pending transfer of title, the business was to be continued by Mrs. Harrison, who agreed to maintain the stock and inventory "to date of possession as it now is, as closely as possible to do so." It was further agreed:

"In case of default on the part of the parties of the second part to fulfill their part of this agreement herein contained and that thru no fault of the party of the first part to perform her part, the down payment shall be forfeited to first party for nonperformance by said second parties."

The sale was not consummated and, after refusal of Mrs. Harrison (the seller) to return the deposit money, plaintiffs began their action, based on an alleged failure of consideration. Defendant asserted that the deposit money was her property "as stipulated and liquidated damages upon the nonperformance of their contract by the plaintiffs." Plaintiffs then filed an amended declaration in which they allege that their agreement to purchase was "conditioned upon the finding of suitable living quarters in the city of Vassar so that plaintiffs herein and their family could move to Vassar to operate such store," and that defendant "further informed the plaintiffs herein that she would take upon herself the entire responsibility of finding suitable living quarters for the plaintiffs herein and that plaintiffs need not concern themselves with said matter." Plaintiffs also declared upon common counts.

The trial judge sitting without a jury found that the proofs did not establish an agreement on the part of defendant, oral or otherwise, with respect to living quarters for plaintiffs. We are in agreement with this conclusion.

The trial judge further found that the stipulation regarding the $1,000 deposit was in the nature of a penalty. The court stated that defendant's "damages would be susceptible of actual proof, and their establishment would not be uncertain nor difficult to be ascertained." Defendant did not offer any testimony as to the actual damages suffered. Nevertheless, the trial judge said:

"This record leaves the court only with the knowledge that some expense must have been incurred in drafting of the contract and the re-establishment of the lease, and as to such expense there is no direct testimony. In view of the foregoing the court is somewhat in a quandary. Defendant should be left completely whole, as the transaction failed through no fault of hers. The sum of $250 should be adequate for this purpose."

Judgment was entered for plaintiffs in the sum of $750, but without costs, for the reason that they did not offer to reimburse defendant for her expenses. From this judgment defendant has appealed and plaintiffs have cross-appealed.

The applicable law stated in *Jaquith* v. *Hudson,* 5 Mich. 123, is summed up in the syllabus as follows:

"The law, following the dictates of equity and natural justice, adopts, as the law of the contract, the principle of just compensation for the loss or injury actually sustained; and courts will not permit parties, by express stipulations, or any form of language, however clear the intent, to set it aside. But they will apply this principle, and disregard the express stipulations of parties, *only* in those cases

where it is obvious from the contract before them, and the whole subject-matter, that the principle of compensation has been disregarded, and that to carry out the express stipulations of the parties would violate this principle.

"The real question in this class of cases is, not what the parties intended, but whether the sum is, in fact, in the nature of a penalty; and this is to be determined by the magnitude of the sum, in connection with the subject-matter, and not by the words, or the understanding of the parties.

"But where, from the nature of the contract, and the subject-matter of the stipulation for the breach of which the sum is provided, it is apparent to the court that the actual damages for a breach are uncertain in their nature, difficult to be ascertained, or impossible to be estimated with certainty; and where the parties themselves are more intimately acquainted with all the peculiar circumstances, and therefore better able to compute the actual or probable damages than courts or juries from any evidence which can be brought before them,—in such cases the law permits the parties to ascertain for themselves, and provide in the contract, the amount of damages which shall be paid on a breach, and adopts their computation, or estimate, as the best and most certain mode of ascertaining the actual damage, or what sum will amount to a just compensation."

In *Fisher* v. *Waddell*, 227 Mich. 339, defendants deposited in escrow $1,000 as a "forfeit for damages" that plaintiff might sustain if defendants failed to perform an agreement to purchase plaintiff's stock of millinery and fixtures. When the transaction was not consummated, suit was brought against the prospective purchasers to recover the stipulated $1,000. In reversing the judgment in favor of the seller the Court, speaking through Mr. Justice WIEST, said:

"The case does not come within the rule invoked. (*Jaquith* v. *Hudson*.) The damages for the breach of the contract can hardly be said to be uncertain in their nature and difficult to be ascertained. When defendants refused to perform plaintiff had the goods. To ascertain the damages she very properly went on and sold the goods. The difference between what she should have received from defendants and what she received from the sale of the goods, less the proper expense, constituted her damages. Such damages were readily ascertainable and there was no occasion to resort to the amount stipulated in the contract and treat such amount as the damages irrespective of the actual loss. Considering the character of the goods, the readiness with which the actual damages could be ascertained, and the provisions of the contract with reference to appraisal, we think the stipulation by defendants to pay $1,000 as a 'forfeit' for damages plaintiff might sustain from their failure to complete the contract must be held a penalty and not enforceable as the measure of damages."

In the light of the foregoing authorities and the circumstances of the instant case, adherence to the principle of just compensation requires the conclusion that the stipulation of the parties must be disregarded and the clause in question deemed a penalty.

Furthermore, in the instant case defendant did not claim any set-off, and the pleadings are silent with respect to damages; nor did she offer any proof thereof. Under the authority of Court Rule No. 23, § 5 (1945), and 3 Comp. Laws 1929, § 14134, 4 Comp. Laws 1948, § 615.3 (Stat. Ann. § 27.828), it was improper for the trial court to allow defendant $250 damages.

The judgment should have been entered in favor of plaintiffs in the sum of $1,000.

Under the circumstances of the case, no costs will be allowed in either court.

The judgment is vacated and the cause is remanded for entry of a judgment in conformity with this opinion.

Sharpe, C. J., and Boyles, Reid, North, Dethmers, Butzel, and Carr, JJ., concurred.