CURTIS *v.* HARTFORD ACCIDENT & INDEMNITY COMPANY.

1. Landlord and Tenant—Damages—Evidence of Breach of Lease.

   Landlords were not entitled to recover damages from either the defendant tenants or surety on their bond to return premises in like condition as when taken, reasonable wear excepted, where there is a total lack of any proof that the defendants breached the condition of the lease and no showing of amount of damage.

2. Damages—Claim for Nominal Damages.

   Plaintiffs were not entitled to nominal damages, where they made no claim therefor in the trial court, such claim was not there considered and error was not assigned in that regard in their statement of reasons and grounds for appeal.

3. Landlord and Tenant—Tenants' Indemnity Bond—Damages—Evidence.

   Landlords whose tenants had been required to furnish a bond that they would return the premises in like condition as when taken, reasonable wear excepted, were not entitled to face amount of bond for the loss sustained on theory that a contractual provision for stipulated damages would be enforced, where, although amount of the loss might easily have been ascertained, there are no proofs in the record from which it may be determined whether the penal sum .of the bond is not greatly disproportionate to actual loss resulting from alleged breach and they would be entitled only to compensation for the loss actually sustained.

---

References for Points in Headnotes

[1–3] Generally as to damages for breach of covenant to leave premises in a certain condition, see 32 Am Jur, Landlord and Tenant § 816.

[3] 8 Am Jur, Bonds § 87; 15 Am Jur, Damages § 240 *et seq.*

[3] Absence of actual damages or absence of proof thereof as affecting right to amount stipulated in contract for breach. 34 ALR 1336.

Intention as criterion of character of provision as one for liquidated damages or penalty. 78 ALR 846.

Appeal from Wayne; Marschner (Adolph F.), J. Submitted October 14, 1952. (Docket No. 65, Calendar No. 45,585.)  Decided January 5, 1953.

Action by Maurice Curtis and another against Hartford Accident & Indemnity Company, a foreign corporation, and others for money due under lease and bond. Judgment for defendants. Plaintiffs appeal. Affirmed.

*Bessman & Bessman,* for plaintiffs.

*Kelly & Kelly,* for defendants.

DETHMERS, C. J.  In March, 1947, plaintiffs leased a restaurant with fixtures and equipment to the personal defendants for 5 years.  The lease contained a provision permitting cancellation and termination by lessees upon 90 days' notice.  It also provided that lessees should furnish a $5,000 surety bond running to lessors, guaranteeing return of the property to them in like condition as when taken, reasonable wear excepted.  Such a bond, so conditioned, was given by lessees, with defendant surety company as surety thereon.

One of plaintiffs testified at one time that in October, 1948, and at another time that it was in February of 1949, that lessees gave plaintiffs a 90-day notice of intention to cancel and terminate the lease and that from August, 1948, plaintiffs accepted rent from a different tenant whose occupancy they had approved and known about.  In August or September, 1949, one of plaintiffs went to the premises and found it unoccupied with some of the leased fixtures and equipment missing and some in a damaged condition.

Plaintiffs claim that the equipment and fixtures had cost $25,000 when new and had been worth in

excess of $5,000 when the lease was executed, but they offered no proofs as to the value of the missing articles or the difference in value of articles before and after they had been damaged. There was no proof of the monetary value of the damage, if any; neither did plaintiffs show that any of the articles were damaged or missing from the premises at the time defendants cancelled the lease and vacated, when plaintiffs began, and for many months continued, to accept rent from another tenant. The showing in the latter regard relates solely to conditions existing after the premises had been used and vacated by the subsequent tenant. It is plaintiff's contention that even though they may have failed to show the exact extent of the financial loss, they at least established what the inventory had consisted of at the time of the lease; that it had been worth $25,000 new; which articles therefrom were damaged or missing, and that, on that basis, it would be fair and reasonable to conclude that plaintiffs had suffered monetary damages to the extent of the face amount of the bond, namely $5,000. From judgment of no cause for action plaintiffs appeal.

Plaintiffs rely on such cases as *DeVries* v. *Meyering Land Co.*, 248 Mich 128, and *Stern Company* v. *Friedman*, 229 Mich 623, to the effect that difficulty of measuring damages to a nicety does not bar plaintiffs' remedy. That, however, is not the difficulty from which this case suffers. The value of missing articles and the difference in value of other articles before and after they were damaged were readily susceptible of proof. The difficulty in this case is, rather, that plaintiffs seek damages for claimed loss occasioned by alleged breach of contract in the face of a total lack of any proof that defendants breached the condition of the lease or any showing upon which even a rough estimate of the damage might be made or of the basis upon which it might be approximated.

Plaintiffs also cite *Greenstine* v. *Srere,* 222 Mich 25, for the proposition that they should at least be entitled to nominal damages.  Again the obstacle is plaintiffs' failure to have established adequately the breach by defendants.  Furthermore, plaintiffs made no claim for nominal damages in the court below, it was not there considered, nor was error assigned in that regard in plaintiffs' statement of reasons and grounds for appeal.

Finally, plaintiffs rely on *Hall* v. *Gargaro,* 310 Mich 693; *Wilkinson* v. *Lanterman,* 314 Mich 568; and *Geiger* v. *Cawley,* 146 Mich 550, to the effect that a contractual provision for stipulated damages will be enforced where the amount of actual damages is difficult of proof, provided that the stipulated sum is reasonable and not greatly disproportionate to the actual loss resulting from the breach.  On that basis plaintiffs claim to be entitled to the $5,000 face amount of the bond.  Here again we encounter the difficulty that, although the amount of the loss might easily have been ascertained, there are no proofs in the record from which it may be determined whether the penal sum of the bond is not greatly disproportionate to the actual loss resulting from the alleged breach.  Plaintiffs are entitled only to just compensation for the loss actually sustained.  *Jaquith* v. *Hudson,* 5 Mich 123; *Watson* v. *Harrison,* 324 Mich 16.

Affirmed, with costs to defendants.

Adams, Butzel, Carr, Bushnell, Sharpe, Boyles, and Reid, JJ., concurred.