BROWNE *v.* BRIGGS COMMERCIAL & DEVELOPMENT CO.

1. VENDOR AND PURCHASER—RESCISSION—SHORTAGE OF AREA.
   In determining whether or not rescission of a land contract will lie for undisputed misrepresentation of the quantity of land contained in tract sold, the ultimate question is the bargain of the parties.

2. Rescission—Remedy of Grace—Laches—Change of Condition..
    The remedy of rescission is one of grace and lapse of time and
    change of conditions, such as value of real estate, militate
    against it if another remedy appears more just.

3. Vendor and Purchaser—Shortage in Area—Abatement of
    Purchase Price.
    Ordinarily shortage in area may be adequately compensated by
    abatement of part of the purchase price.  ·

4. Same—Abatement of Purchase Price—Rescission—Laches—
    Shortage in Area.
    Abatement of purchase price, and not rescission, *held,* proper
    remedy where shortage in area of land purchased under land
    contract was not discovered for a period of five years and
    plaintiffs do not show they bought the premises for a use
    which would be hindered or injured by such shortage.

Appeal from Oakland; Doty (Frank L.), J. Submitted January 17, 1935. (Docket No. 108, Calendar No. 38,175.) Decided April 8, 1935.

Bill by William A. Browne and wife against Briggs Commercial & Development Company, a Michigan corporation, for rescission of a land contract and recovery of payments. Decree for plaintiffs. Defendant appeals. Modified and remanded.

*Yerkes, Goddard & McClintock* (*James I. McClintock* and *Shirley T. Johnson,* of counsel), for plaintiffs.

*Carl B. Grawn* and *Ezra W. Lockwood,* for defendant.

Fead, J. In 1925 plaintiff Browne and three others became interested in lots 17 and 18 of a subdivision owned by defendant and being offered for sale by its agent. A salesman, Rollins, represented to plaintiff and the others that the lots contained

eight acres, and the four purchasers agreed to buy them, the plat to be changed to divide the premises into four equal lots of two acres each. The plat was remade by defendant and afterward recorded. The original sales price for the two lots was apportioned equally among the four purchasers. Land contracts were made. Plaintiffs' contract covered a "pie" shaped lot described by metes and bounds and actually containing 1.2 acres.

Plaintiffs made installment payments until the fall of 1930, and were then in arrears only two or three months. In conversation with a salesman for the new selling agent of defendant, plaintiff Browne suggested sale of his lot which he said contained two acres. The salesman examined defendant's records and informed Browne the lot did not have the stated area. Plaintiffs complained to defendant, later made tender, demanded rescission and, it being refused, brought this action to rescind the contract and to recover payments made. Plaintiffs had decree.

The testimony as to the representation and its falsity is undisputed. The salesman, Rollins, was not produced.

Defendant contends the transaction was a sale in gross, not by the acre, and rescission for fraud in misrepresenting the quantity will not lie. The general principles are discussed in *Koch v. Bird*, 174 Mich. 594, and *Detroit Lumber Co. v. Arbitter*, 252 Mich. 99. The ultimate question is the bargain of the parties. The transaction did not cover a specific and designated tract of land for a lump sum and without specifications as to quantity, 66 C. J. p. 660, but was a purchase of an indivisible part of a larger quantity in which the represented area was of the

essence of the purchase. In effect, the sale was not of land bounded by lines but the lines were set to bound the land purchased.

The equitable remedy of rescission is one of grace. Lapse of time and change of conditions, such as the value of real estate, militate against the remedy if another appears more just. Ordinarily shortage in area may be adequately compensated by abatement of part of the purchase price. It does not appear that plaintiffs bought the premises for a use which would be hindered or injured by the shortage here appearing; and, from the fact that shortage was not discovered for five years, it seems clear that the smaller area is not a vital defect. Under the circumstances, we think proper remedy is by abatement of the purchase price and adjustment of the account between the parties accordingly.

The decree will be set aside, with costs to plaintiffs, and the case remanded for further proceedings in accordance with this opinion and new decree.

POTTER, C. J., and NELSON SHARPE, NORTH, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.