HARRIS *v.* AXLINE.

1. APPEAL AND ERROR—CHANCERY CASES—DE NOVO REVIEW.
   A suit for rescission of a land contract, being an equity case,
   is heard *de novo* by the Supreme Court.

2. REFORMATION OF INSTRUMENTS—MUTUAL MISTAKE—EVIDENCE.
   In order to entitle a plaintiff to relief in a suit for reforma-
   tion of a land contract on the ground of mutual mistake,
   the plaintiff must show by clear and convincing proof that
   by a mutual mistake the provisions of the contract, as
   written, do not express the true agreement of the parties.

3. SAME—BURDEN OF PROOF—MUTUAL MISTAKE AS TO SIZE OF LOT.
   In suit for reformation of land contract so that plaintiffs
   would be required to convey only 34 feet of frontage instead

---

REFERENCES FCR POINTS IN HEADNOTES

[1] 2, 3 Am. Jur., Appeal and Error, §§ 2, 814, 815; 55 Am. Jur.,
   Vendor and Purchaser, §§ 55, 126, 584.

[1] Action involving rescission or right to rescind contract and
   to recover amount paid thereunder as one at law or in equity.
   95 A.L.R. 1000.

[2, 3] 45 Am. Jur., Reformation of Instruments, §§ 46, 117.

[4, 5] 9 Am. Jur., Cancelation of Instruments, §§ 7, 35; 12 Am.
   Jur., Contracts, § 126.

[5] 55 Am. Jur., Vendor and Purchaser, §§ 55, 56, 126 *et seq.*

[6] 49 Am. Jur., Specific Performance, § 105; 55 Am. Jur., Vendor
   and Purchaser, §§ 141, 142.

[6] Relief, by way of rescission or adjustment of purchase price,
   for mutual mistake as to quantity of land, where con-
   tract of sale fixes compensation at a specified rate per acre
   or other area unit. 153 A.L.R. 4.

[7] 55 Am. Jur., Vendor and Purchaser, § 142.

[8, 9] 52 Am. Jur., Tender, § 39; 55 Am. Jur., Vendor and Purchaser,
   § 352.

[8, 9] Rights as between vendor and vendee under land contract
   in respect of interest, as affected by tender or failure to tender.
   75 A.L.R. 316, 360.

of the 40 feet which the contract called for, based on a mutual mistake as to what the true agreement of the parties was, evidence that there was a mutual mistake as to the actual size of the lot described was insufficient to sustain plaintiff's burden of proof; there being no evidence of fraud.

4. EQUITY—RESCISSION OF A CONTRACT—MUTUAL MISTAKE.

A mutual mistake as to the subject matter of a contract is ground for rescission of the contract, unless the injured party can be adequately compensated for the mistake.

5. VENDOR AND PURCHASER—RESCISSION OF LAND CONTRACT—SHORTAGE OF AREA—ABATEMENT OF PURCHASE PRICE.

Rescission of a land contract is a matter of grace and will not . be granted for a shortage of area when the purchaser can use the remaining part of the land and is adequately compensated by an abatement of the purchase price in the amount of the value of the deficiency.

6. SAME—ABATEMENT OF PURCHASE PRICE—VALUE OF DEFICIENCY.

In suit for rescission of land contract wherein defendants filed cross bill for specific performance and abatement of purchase price, where plaintiffs are unable to convey entire tract called for by contract but defendants can use balance, abatement of purchase price at value per front foot for deficiency of six feet is ordered at value at time of purchase where such was stated to be acceptable by plaintiffs' attorney at hearing notwithstanding there is testimony that value has increased somewhat since the time of purchase.

7. SAME—ABATEMENT OF PURCHASE PRICE—ABATEMENT OF INTEREST PAID AND UNPAID.

Where an abatement of purchase price is ordered in suit for rescission of land contract upon decree for defendants on their cross bill for specific performance and abatement of purchase price, such abatement is ordered as of the date of the contract and entitles defendants to a rebate on interest heretofore paid as well as on the balance due on the purchase price.

8. SAME—TENDER—INTEREST.

Where defendants, on their cross bill for specific performance and abatement of purchase price on land contract in vendors' suit for rescission were found entitled to such abatement, they are required to pay interest on balance due until it is tendered pursuant to decree of Supreme Court, where, al-

though such balance has been previously tendered, it was not actually paid pending receipt of a warranty deed for full amount of land called for by contract so that purchasers could obtain mortgage with which to make payment of such tender.

9. TENDER—STOPPAGE OF INTEREST.

Ordinarily a tender of the entire amount due stops payment of interest.

Appeal from Ingham; Salmon (Marvin J.), J. Submitted January 4, 1949. (Docket No. 3, Calendar No. 44,174.) Decided February 28, 1949.

Bill by Samuel K. Harris and wife against Paul H. Axline and wife to rescind a land contract. Cross bill by defendants against plaintiffs for specific performance of contract and abatement of purchase price. Decree for plaintiffs. Defendants appeal. Reversed.

*Hubbard, McCullough & Fox,* for plaintiffs.

*Hammond & Schram,* for defendants.

BUTZEL, J. In 1928, Samuel K. Harris inherited from his grandmother a house and lot at the southeast corner of South Capitol avenue and Lenawee street, Lansing, Michigan. He believed that the lot had a frontage of 40 feet on South Capitol avenue and 60 feet on Lenawee street, as described in the abstract of title and the tax receipts. In 1945, he and his wife, plaintiffs herein, sold the property on land contract to Paul H. Axline and wife, defendants herein. The property was described in the land contract as:

"The north 40 feet of the west 60 feet of lot 12 of block 149 of the original plat of said city of Lansing (commonly known and described as 501 South Capitol avenue), subject to any and all restrictions of

record and to driveway rights over the south 4 feet of said premises to be used with the north 4 feet of the premises adjoining on the south."

The defendants took possession under the contract and made extensive improvements to the property.

Land fronting on South Capitol avenue was very valuable as it was zoned for commercial use and near the business district of the city. Apparently all the parties were mistaken in the honest belief that the property had a 40-foot frontage. Prior to purchasing the property, Axline with Harris' agent paced off the frontage on South Capitol avenue so as to confirm the representation and belief that it was 40 feet. Some time later, upon a survey being made, it was discovered that the city of Lansing owns approximately 6 feet of the property, inside of the sidewalk along the Lenawee street side, and, therefore, the plaintiffs owned and could convey only the northerly 34 feet of the property described in the contract. Defendants offered to pay and made a tender of the balance due on the contract demanding a warranty deed for a lot of the size called for in the contract.

Plaintiffs filed a bill for reformation of the contract so that the description would conform with the actual size of the premises. They asked specific performance of the contract as reformed, or in lieu thereof, that they might return to the defendants all moneys received from the defendants under the terms of the contract and that the contract be cancelled and held for naught. They also asked for general equity relief.

Defendants, on the other hand, in addition to denying many of the allegations in plaintiffs' bill, filed a cross bill in which they asked that plaintiffs, as cross-defendants, be decreed to accept the balance due on the contract, without interest from the date the tender of payment was made for the premises as

described in the contract, and specific performance of the contract as written, or in lieu thereof that the court fix and determine the damages sustained by the cross-plaintiffs for the loss of 6 feet of land and deduct that amount from the balance due on the contract. They also asked for general equity relief. The trial judge rendered a decree rescinding the contract but on the condition that plaintiffs pay defendants for all reasonable improvements made less a fair rental value of the property from and after March 21, 1945, or in lieu thereof, that defendants accept an alteration of the contract and its reformation and amendment so as to embrace only the north 34 instead of the north 40 feet.

As this is an equity case it is heard *de novo* by this Court. To entitle plaintiffs to reformation of the contract, they must show by clear and convincing proof that by a mutual mistake the provisions of the contract, as written, do not express the true agreement of the parties. There has been no such showing here. Both parties were mistaken as to the actual size of the lot described in the contract and the fact that the plaintiffs were unable to convey good title to the whole 40 feet. There is no evidence of fraud. A mutual mistake as to the subject matter of a contract is ground for rescission of the contract, unless the injured party can be adequately compensated for the mistake. 2 Restatement of the Law, Contracts, § 502. This Court has consistently held that rescission is a matter of grace and that a land contract will not be rescinded for a shortage of area when the purchaser can use the remaining part of the land and he is adequately compensated by an abatement of the purchase price in the amount of the value of the deficiency. See *Browne* v. *Briggs Commercial & Development Co.,* 271 Mich. 191; *Baughan* v. *Mortgage & Contract Co.,* 263 Mich. 249; *Kavanau* v. *Fry,* 273 Mich. 166; and cases cited therein. This

is the only equitable solution on the facts here, and will dispose of all the questions raised. Testimony on the part of the defendants indicates that the property was worth $200 per foot at the time of its purchase but that it is worth $215 per foot at the present time. Attorneys for the plaintiffs stated in the argument in this Court that they were satisfied with the price of $200 per foot if defendants are awarded a decree on their cross bill. Under the circumstances, we believe that this is a fair price.

There is some testimony in the record that would indicate the deficiency is slightly less than 6 feet. However, the parties in their briefs have not raised this point but speak of it as being 6 feet and the trial judge rendered his decree on that basis. We hold, therefore, that the balance due on the purchase price should be reduced by the sum of $1,200, and the interest should be computed from the date of the contract as if the purchase price had been $1,200 less than the amount stated in the contract, thus defendants will be entitled to a rebate on the interest heretofore paid. Also as the balance due on the purchase price is reduced by $1,200, the amount of interest thereon will be likewise reduced in computing the balance due on the contract. Defendants claim that they made a tender of the balance due plaintiff when they arranged for a mortgage loan in order to pay the balance due. At the time of the tender a representative of the bank accompanied Mr. Axline as it was necessary to obtain a deed to consummate the mortgage loan. Obviously they would have had to pay interest thereon. They should be required to pay interest up to the date they tender the amount due under the decree of this Court. Ordinarily a tender of the entire amount due stops payment of interest. *Cousins* v. *Melvin F. Lanphar & Co.*, 312 Mich. 715. In allowing $200 a foot for the shortage of 6 feet, no value was computed on the house. The

original contract price of $8,000 was figured at the rate of $200 a foot for 40 feet. We believe the equities balance themselves.

Plaintiffs in the decree to be entered in this Court will be required to furnish a warranty deed, conveying the northerly 34 feet of the property described in the land contract, within a reasonable time, upon being tendered the balance due computed in accordance with this decree.

The decree below is set aside and a decree will be entered in this Court in accordance with this opinion. Defendants and appellants shall recover costs of both courts.

SHARPE, C. J., and BUSHNELL, BOYLES, REID, NORTH, DETHMERS, and CARR, JJ., concurred.