FRIEDMAN *v.* GREVNIN.

1. CONTRACTS—RESCISSION—MISTAKE.

Rescission of a contract on the ground of mistake will not be awarded, where the existence of some factor or of the occurrence of an event is consciously considered in agreeing upon terms, and the parties being aware of the uncertainty because of such matter, estimated their chances, and fixed the compensation accordingly.

REFERENCES FOR POINTS IN HEADNOTES

[1] 12 Am Jur, Contracts § 132.
[2] 55 Am Jur, Vendor and Purchaser § 48.

2. VENDOR AND PURCHASER—SPECIFIC PERFORMANCE—RESCISSION—
MISTAKE—CONSCIOUS REJECTION OF CONDITION.

Specific performance is awarded defendants, rather than rescis-
sion granted plaintiffs, where latter had specifically sought to
include a condition as to adequacy of sewers in the land con-
tract relative to purchase of 166 vacant, platted, city lots
owned by defendants but such condition was rejected by de-
fendants, there being no mutual mistake with respect thereto.

Appeal from Oakland; Holland (H. Russel), J.
Submitted January 5, 1960. (Docket No. 5, Calendar
No. 48,003.) Decided June 7, 1960. Rehearing de-
nied July 11, 1960.

Bill by Abe Friedman, George Coleman, and Can-
vasser Building Corporation, a Michigan corpora-
tion, against Ruben Grevnin and Pauline Grevnin for
rescission of land contract and recovery of sums paid
thereon. Decree for plaintiffs. Defendants appeal.
Reversed, specific performance granted on cross bill,
and cause remanded for determination of sums due.

*James G. Hartrick* (*Robert L. Templin,* of coun-
sel, *Robert E. Childs,* of counsel on application for
rehearing), for plaintiffs.

*Davis & Thorburn,* for defendants.

DETHMERS, C. J. Plaintiffs, purchasers under a
land contract, sought its rescission and restitution
of sums paid on it on the ground that it had been
entered into under a mutual mistake of fact. From
decree for plaintiffs, defendants, the sellers, appeal.

Plaintiffs long had been engaged in the business
of improvement and development of vacant and
platted lands and construction and sale of residences
thereon. They were seeking lands for that purpose.
They became interested in purchasing 166 vacant,
platted, city lots owned by defendants. As early

as 1953 one of plaintiffs discussed a purchase of the lots with defendants and made inquiry of the city engineer as to adequacy of the sewers. He was told by the latter that a pump or lifting station would be necessary to accommodate the lots. In October of 1955 plaintiffs approached defendants for the purchase of the lots and negotiations ensued. Plaintiffs informed defendants that they desired that any purchase agreement between them should contain a contingency or condition that the sale was not to be consummated unless a satisfactory agreement could be worked out with the city for sewers and unless Federal housing administration and veterans' administration approval could be obtained for the lots as building sites, both of which required adequate sewer facilities. Defendants refused to agree to such conditions. Knowing this, plaintiffs, after negotiations had proceeded for 3 months, presented an offer to purchase, containing no such conditions, and defendants accepted the offer on January 24, 1956. The agreement called for consummation of the sale in 20 days. Nevertheless, plaintiffs delayed execution of a land contract for 2 months because they were awaiting veterans' administration approval of the lots and were making further inquiries concerning adequacy of sewers, feeling that defendants were unreasonable in not permitting a contingency as to adequate sewers to be included in the agreement. As 1 plaintiff testified, they knew defendants were not willing to guarantee sewers of any kind. Defendants had told them so. Under such circumstances, with defendants' express refusal to permit such condition or guarantee in the contract, a land contract was executed by the parties on April 10, 1956, containing no mention of sewers, because defendants refused to have such condition included. Plaintiffs thereafter made payments on the contract.

In September of 1956 consulting engineers filed a report with the city, advising that the sewers in the area of the lots were overloaded, and recommending certain actions to alleviate the situation. It is that situation with respect to the sewers concerning which plaintiffs claim the parties made a mutual mistake of fact, alleging that, when the agreement and the contract were executed, both sides believed the facilities to be adequate for plaintiffs' contemplated use of the lots. For this reason, rescission is prayed.

For their position plaintiffs' brief quotes as follows:

"A mistake of one party of such a character that the minds cannot be said to have met, if clearly established, is ground for rescission." *Baas* v. *Zinke,* 218 Mich 552, 555.

"Where parties assume to contract, and there is a mistake with reference to any material part of the subject matter, there is no contract, because of the want of mutual assent necessary to create one."

In 3 Corbin on Contracts appears the following:

"Sec. 598. The same result (denial of rescission) obtains in any case where the risk of the existence of some factor or of the occurrence of an event is consciously considered in agreeing upon terms. There is no mistake; instead, there is awareness of the uncertainty, a conscious ignorance of the future. * * * They were aware of the uncertainty, estimated their chances, and fixed the compensation accordingly." (pp 356, 357.)

"Sec. 605. In these cases (rescission), the decision involves a judgment as to the materiality of the alleged factor, and as to whether the parties made a definite assumption that it existed and made their agreement in the belief that there was no risk with respect to it." (p 406.)

Defendants cite and quote the following:

"(1) A person is not entitled to rescind a transaction with another if, by way of compromise or otherwise, he agreed with the other to assume, or intended to assume, the risk of a mistake for which otherwise he would be entitled to rescission and consequent restitution." Restatement of the Law of Restitution, ch 2, § 11.

"But if the failure of the article is by reason of a defect as to which the buyer takes the risk, there is no want or failure of consideration, in the legal sense of the rule, even if thereby the article is rendered worthless; as the buyer in such case gets and retains what he bought, that is, the property at his own risk as to such defect." *Bryant* v. *Pember,* 45 Vt 487, 491.

"To entitle plaintiffs to reformation of the contract, they must show by clear and convincing proof that by a mutual mistake the provisions of the contract, as written, do not express the true agreement of the parties." *Harris* v. *Axline,* 323 Mich 585, 589.

There was not here, as in the situations to which plaintiffs' above quotations applied, any want of mutual assent, any lack of meeting of the minds, with respect to the effect that inadequacy of sewers was to have on the contract obligations of the parties. The question of adequacy of the sewers was *"consciously considered"* by the parties. "They (plaintiffs) were aware of the uncertainty, estimated their chances," and made inquiries. They did not make their agreement "in the belief there was no risk with respect to it." Indeed, plaintiffs were sufficiently concerned about the risk involved to request a condition in the contract in that regard. Defendants refused.

Despite all that, plaintiffs entered into the agreement and subsequent contract in which, at defend-

ants' insistence, no condition or guarantee as to sewers was expressed. Under the circumstances it cannot be said that there was mutual mistake. Rather, it was a case of plaintiffs, even though reluctantly, taking their chances. To hold with plaintiffs would be to read, by implication, into the agreement and contract that which defendants expressly refused to have inserted, namely, a provision that if sewers proved to be inadequate the deal was not to go through. This we will not do.

Decree reversed and set aside. A decree may enter here accordingly, dismissing plaintiffs' bill of complaint, granting defendants specific performance of the land contract as in their cross-bill prayed, and requiring payment by plaintiffs to defendants of amounts found due thereon, to be determined, on remand thereto, by the trial court. Costs to defendants.

CARR, KELLY, SMITH, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.