DRYSDALE *v.* MARHEINE.

1. REFORMATION OF INSTRUMENTS — SPECIFIC PERFORMANCE — EQUITY.
   A court of equity has power to reform a contract and then grant performance.

2. SAME—EQUITY WILL CORRECT ERROR IN CONTRACT IN RESPECT TO ANNUAL PAYMENTS.
   A palpable error in the amount of the annual installments to be paid on a land contract, made in copying the option, which is proved by a mathematical computation, is not beyond the power of a court of equity to correct.

3. SPECIFIC PERFORMANCE — FRAUD — OVERREACHING NOT ESTABLISHED.
   In a suit by the vendee for the specific performance of an option to purchase land, defendant's contention that she was overreached and that she did not comprehend the full import of the option, *held,* not sustained by the record, which shows that the option was not at all complicated, and that defendant consulted with a business friend before giving it.

4. SAME—VENDEE MAY ELECT TO ACCEPT PARTIAL PERFORMANCE.
   Where a vendor contracted to sell a tract of land, but owned only five-sixths of it, the vendee, in a suit for specific performance, has the right to elect to take partial performance and have proportional abatement of the contract price.

Appeal from Wayne; Codd (George P.), J.  Submitted June 16, 1927.  (Docket No. 71.)  Decided October 3, 1927.

Bill by Robert M. Drysdale against Hulda Marheine for specific performance of an optional land contract.

[1]Reformation of Instruments, 34 Cyc. p. 995; [2]Id., 34 Cyc. p. 932; [3]Specific Performance, 36 Cyc. p. 784 (Anno); [4]Id., 36 Cyc. p. 740.

From a decree for plaintiff, defendant appeals. Affirmed.

*Behr & Coolidge,* for plaintiff.

*De Baeke & Van Osdol (Joseph A. Luyckx,* of counsel), for defendant.

WIEST, J.    Plaintiff filed the bill herein to obtain specific performance of an option on a farm of 33 acres given him by defendant Hulda Marheine January 27, 1925.    The option was conditioned upon non-acceptance of a previous and then existing option on the same property, given to Floyd M. Malkemus. Plaintiff claims Malkemus did not exercise his right under the option.    Defendant Hulda Marheine, by answer, claimed she was induced by fraud, on the part of plaintiff, to execute the option under which he claims, and asked to have it canceled, and alleged that Malkemus, within the life of his option, brought a buyer willing to purchase and who paid her $100. Floyd M. Malkemus filed an answer and cross-bill, in which he set up his option and acceptance and asked for specific performance.    To this cross-bill Hulda Marheine answered that the Malkemus option was executed on Sunday and the $100 paid on the same day, and that she offered to return the money and denied the right of Malkemus to have relief and asked that his cross-bill be dismissed.    Malkemus claims to own a one-sixth interest in the premises by virtue of a guardian's deed of an interest of a minor.    This Hulda Marheine denied, and alleged there was a suit pending to set such deed aside and have her decreed to be the true owner.    Plaintiff, by supplemental bill, asked to have the option reformed to make the annual payments $2,500 instead of $12,500, as such was the true agreement and comports with the agreed price and period of payment.    The trial judge reformed the agreement as requested, dismissed Malkemus' bill

because his option was executed on Sunday, and decreed specific performance in favor of the plaintiff for a five-sixths interest, and reduced the agreed price for the whole one-sixth. Hulda Marheine appealed. Mr. Malkemus, not having appealed, is here dropped from further mention.

Defendant claims she was overreached by plaintiff in the giving of the option and that she did not comprehend its full import and had been sick. The option was not at all complicated and the circuit judge found against her claims. It is also claimed that the court could not reform the contract and then grant performance. The reformation asked and granted related to a mistake proved by a mathematical computation. The whole price to be paid was $43,890, with a down payment of $5,000. This left $38,890 to be paid in annual installments after the first of such payments in July, 1928. As the option read, the annual installments of $12,500 up to the year 1940 would make the purchase price $150,000. No such price was to be paid, and no one claims any such thing. There was a mistake made in copying from another option. As reformed, the option calls for the true annual installments. Such a palpable error is not beyond the power of court correction. Defendant agreed to sell at $1,330 per acre; she cannot perform, except as to an undivided five-sixths of the premises. Plaintiff is willing to take such interest if the total purchase price is reduced one-sixth in amount. The reduction was made in the circuit and the defendant directed to enter into contract with plaintiff for such five-sixths in accordance with the option. Before giving the option defendant consulted with a business friend. The trial judge found there was no fraud or overreaching, and we agree with his conclusion.

Plaintiff had a right to elect to take partial performance and have proportional abatement of the

contract price. See *McCreary* v. *Stallworth*, 212 Ala. 238 (102 South. 52).

The decree in the circuit is affirmed, with costs to plaintiff.

SHARPE, C. J., and BIRD, SNOW, STEERE, FELLOWS, CLARK, and MCDONALD, JJ., concurred.