BRENNER v. NIVER PARSONS CORPORATION.

1. MONEY RECEIVED—MONEY PAID UNDER MISTAKE RECOVERABLE IN ACTION OF ASSUMPSIT.

Where money is paid under mistake of fact, and in justice and good dealing should be paid back, law grants right of recovery in action of assumpsit on implied promise to return the money.

2. BROKERS—SET-OFF AND RECOUPMENT—COMMISSION PAID RECOVERABLE WHERE NO SALE RESULTED.

In action by broker to recover commissions due on sale of real estate, amount paid to him by defendant as commission on sale to minor, which latter repudiated on reaching majority, should have been allowed as set-off, since, under the circumstances, there was no sale, and commission paid should, in justice and good dealing, be returned.

Case-made from Wayne; Sharp (L. Eugene), J. Submitted January 7, 1930. (Docket No. 6, Calendar No. 34,662.) Decided March 7, 1930.

Assumpsit by Morton Brenner against Niver Parsons Corporation, a Michigan corporation. Set-off and recoupment was claimed by defendant. Defendant reviews judgment for plaintiff by case-made. Reversed, and judgment directed for defendant.

*Cay A. Newhouse,* for appellant.

WIEST, C. J. Plaintiff sued defendant for $88.97, commissions claimed to be due on sales of real estate. Defendant pleaded the general issue, with notice of set-off and recoupment. Plaintiff had judgment. Review is by case-made.

On right and extent of review of findings of· commission under workmen's compensation act, see annotation in L. R. A. 1916A, 178, 266; L. R. A. 1917D, 186.

If defendant's asserted counterclaim against plaintiff is good in point of law, defendant should have judgment against plaintiff for $76.70. The facts are not in dispute. Defendant's counterclaim was for money paid to plaintiff under the following circumstances: Plaintiff claimed and was paid a commission of $165.67 for making a sale of real estate for defendant. Later it developed that the sale was to a minor. The minor, upon reaching full age, repudiated the purchase, brought suit against defendant, and recovered the purchase money paid. The defendant, having paid plaintiff a commission upon such repudiated sale, claims right to have return of the money so paid.

Where money is paid under mistake of fact, and in justice and good dealing should be paid back, the law grants right of recovery in an action of assumpsit upon the implied promise to return the money. See 2 R. C. L. p. 784.

Without producing a purchaser capable of making a binding contract plaintiff did not earn the commission paid him by defendant. The purchaser produced by plaintiff was a minor, and the contract of purchase was voidable at the election of the minor, and the election to repudiate was exercised and return of payments exacted. The result was no sale, and, there being no sale, the commission should, in justice and good dealing, be returned. The case is not one of a valid contract breached by the purchaser, but that of a contract by a minor and voidable at inception. The election of the minor to repudiate reached back to inception of the contract, and released the minor from the contract.

In *Ladd* v. *Bolema*, 246 Mich. 32, we considered a somewhat similar question, and, under that opinion and the well-established rule upon the subject,

defendant should have had judgment for the commission paid, less the confessed amount due plaintiff for other commissions.

The judgment is reversed, with costs to defendant, and the case remanded to the circuit court with direction to enter judgment in favor of defendant for the sum of $76.70.

BUTZEL, CLARK, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.