KRUGER *v.* AGNOR.

1. REFORMATION OF INSTRUMENTS—RESCISSION—MUTUAL MISTAKE—EVIDENCE.

When it is sought to reform or rescind a written instrument on account of a mutual mistake, the evidence of the mistake and mutuality thereof must be so clear as to establish the fact beyond cavil.

2. FRAUD—PRESUMPTIONS—EVIDENCE.

Fraud cannot be presumed, but must always be proved by him who alleges it.

3. CONTRACTS—RESCISSION—MISTAKE—FRAUD.

Rescission of a contract is not a remedy which will lie in the absence of mutual mistake or unilateral mistake induced by fraud.

4. VENDOR AND PURCHASER—RESCISSION—REFORMATION OF INSTRUMENTS—MISTAKE—FRAUD—EVIDENCE.

In suit to rescind land contract or reform it to include reservation of coal and mineral rights because omission of such reservation resulted from mutual mistake, plaintiff was not entitled to relief where he failed to show mutual mistake by clear, convincing evidence or that the omission was due to fraud of defendants.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 4] 45 Am. Jur., Reformation of Instruments, § 117.
[2] 24 Am. Jur., Fraud and Deceit, § 256.
[3] 9 Am. Jur., Cancelation of Instruments, § 33; 23 Am. Jur., Fraud and Deceit, § 134.
[3] Unilateral mistake as basis of bill in equity to rescind contract. 59 A.L.R. 809.
[3, 4] 9 Am Jur., Cancelation of Instruments, § 32.
[4] 24 Am. Jur., Fraud and Deceit, § 262.
[6] 55 Am. Jur., Vendor and Purchaser, § 166.
[7] 49 Am Jur., Specific Performance, § 95.
[7, 9] 49 Am. Jur., Specific Performance, § 105.
[8] 15 Am. Jur., Damages, §§ 20, 21.
[9] 55 Am. Jur., Vendor and Purchaser, §§ 506, 555.
[10] 24 Am. Jur., Gas and Oil, § 2; 36 Am. Jur., Mines and Minerals, § 5.
[11] 55 Am. Jur., Vendor and Purchaser, § 553.

5. APPEAL AND ERROR—RESCISSION—REFORMATION OF INSTRUMENTS
—DE NOVO REVIEW.

Appeal from decree in suit to rescind or reform a land contract
is heard *de novo* by the Supreme Court.

6. VENDOR AND PURCHASER—PERFORMANCE OF LAND CONTRACT—CON-
VEYANCE.

Upon performance of obligations under a land contract, the
purchasers are entitled to a conveyance in accord with its terms.

7. SPECIFIC PERFORMANCE—VENDOR AND PURCHASER—IMPERFECT
TITLE—PURCHASER'S RIGHTS.

Although the purchaser of land cannot have a partial interest
forced upon him, yet if he entered into the contract in ig-
norance of the vendor's incapacity to give him the whole, he
is generally entitled to have the contract specifically per-
formed as far as the vendor is able, and to have an abatement
out of the purchase-money for any deficiency in title, quantity,
or quality of the estate.

8. DAMAGES—MEASURE.

The fact that damages cannot be measured easily or with math-
ematical certainty or absolute accuracy is no ground for deny-
ing them.

9. VENDOR AND PURCHASER—SPECIFIC PERFORMANCE—ABATEMENT OF
PURCHASE PRICE—EVIDENCE—MINERAL RIGHTS.

Under cross bill for specific performance of land contract for
80-acre farm, determination that purchase price should be
abated $7 per acre because of vendor's inability to convey
mineral rights in the land *held,* within evidence presented.

10. APPEAL AND ERROR—QUESTIONS REVIEWABLE—WORDS AND
PHRASES—MINERALS.

Although the Supreme Court has held that petroleum, oil and gas
are included in a conveyance "of all minerals" where question
as to interpretation of reservation of coal and mineral rights
was not raised by the pleadings, on trial, nor in appellant's
statement of reasons and grounds for appeal, the matter is not
entitled to consideration on appeal.

11. VENDOR AND PURCHASER—COVENANT AS TO TITLE—DAMAGES.

Rule that a tenant in possession under a land contract may not
avoid his obligations nor defeat his vendor's rights thereunder
by challenging latter's title is not applicable where such tenant
seeks to affirm the contract and specific performance thereof,
hence he may recover damages for the vendor's breach of cov-
enant as to title.

Appeal from Bay; Leibrand (Karl K.), J. Submitted January 13, 1948. (Docket No. 65, Calendar No. 43,441.) Decided May 18, 1948.

Bill by Richard Kruger against Wing J. Agnor and wife to set aside a land contract or in the alternative to reform the contract. Cross bill by defendants for specific performance of the contract with payment for damages. Decree for defendants. Plaintiff appeals. Alice Kruger, administratrix of the estate of Richard Kruger, deceased, substituted as plaintiff. Affirmed.

*Transue & Hood* (*Richard C. Fruit*, of counsel), for plaintiff.

*Hubert J. Gaffney*, for defendants.

DETHMERS, J. Richard Kruger, hereinafter called plaintiff, executed a land contract whereby he agreed to convey 80 acres of land by warranty deed to defendants and to furnish them an abstract showing marketable title. Defendants went into possession and made improvements. Four years later defendants offered to pay the unpaid balance on the contract and asked plaintiff to forward a deed and abstract of title to a specified bank. The deed tendered by plaintiff contained a reservation of coal and mineral rights which plaintiff did not own because of reservations thereof made in 1882 on one 40-acre parcel and in 1909 on the other by predecessors in plaintiff's chain of title. Defendants rejected the deed claiming the right to a warranty deed conveying marketable title without encumbrances. Plaintiff thereupon filed his bill in chancery praying that the land contract either be rescinded or reformed to include the reservation, alleging that its omission had resulted from mutual mistake.

Defendants filed an answer denying mutual mistake and a cross bill requesting specific performance of the contract or, at least, a conveyance by plaintiff of all his right, title and interest in the land and that plaintiff be required to pay their damages sustained by reason of plaintiff's misrepresentation of his title and for breach of covenants contained in the contract. From decree dismissing plaintiff's bill and granting defendants relief substantially as prayed for in their cross bill, plaintiff appeals.

The plaintiff testified that prior to and again at the time of execution of the land contract he told defendants about the coal and mineral reservation and that defendants said that it made no difference to them; that before signing the contract defendants examined the abstract and deed whereby plaintiff had acquired title, both of which showed the reservation; that the contract was prepared by a scrivener, paid by both parties, who also examined the deed and abstract and knew of the reservation but inadvertently neglected to incorporate it into the contract. Plaintiff claims that it was understood and agreed by and between the parties that defendants were buying the land subject to the reservation and that defendants knew and that it was common knowledge in the vicinity that lands in that area were quite generally subject to such reservations. Defendants testified that they had no knowledge of the reservation before the purchase and that plaintiff made no mention thereof to them; that they did not see plaintiff's deed or abstract before entering into the contract arrangement and that plaintiff had assured them that the land was "free and clear" and that "there wasn't anything against it." It is their claim that the scrivener prepared the contract in accord with the understanding and agreement of

the parties. The scrivener, called as a witness, had no recollection of the transaction whatsoever. The court, after hearing and seeing the witnesses, did not accept plaintiff's version of the facts and in its opinion said:

"Plaintiff's bill is based on the theory that all of the parties knew of the mineral reservation but it was not included in the land contract because of a mistake of the scrivener.

" 'When it is sought to reform a written instrument on account of a mutual mistake, the evidence of the mistake and mutuality thereof must be so clear as to establish the fact beyond cavil.' *Lyons* v. *Chafey*, 219 Mich. 493.

"For similar statements as to the clear and convincing degree of proof necessary see *Burns* v. *Caskey*, 100 Mich. 94; *Emery* v. *Clark*, 303 Mich. 461, 471; *Schuler* v. *Bucuss*, 253 Mich. 479; *Long* v. *Bibbler*, 225 Mich. 261; *Goldberg* v. *Cities Service Oil Co.*, 275 Mich. 199.

"Plaintiff's proofs in this case do not attain the standard fixed by the decisions as necessary to warrant reformation.

"Plaintiff also asks rescission of the land contract because of the alleged mutual mistake of omitting the mineral reservation provisions from the contract, or the mistake of plaintiff in this regard, and the fraud of the defendants in connection therewith.

"What has been previously said as to the degree of proof or evidence of mistake necessary to warrant reformation applies with equal force to rescission on the ground of mistake. Likewise there is no satisfactory proof on the part of plaintiff of defendants' alleged fraud, and fraud cannot be presumed, but must always be proved by him who alleges it. * * *

"Rescission of a contract cannot be sustained in the absence of mutual mistake or unilateral mistake

induced by fraud. *Trembert* v. *Mott,* 271 Mich. 683 (38 N. C. C. A. 283).

"Plaintiff has not established by a preponderance of clear, convincing evidence that there was a mutual mistake in the omission of a mineral reservation from the land contract. Neither has he established that defendants were guilty of any fraud inducing such omission."

While we hear the case *de novo,* a careful reading of the record does not persuade us that, had we occupied the position of the court below, we would have reached a different conclusion as to the facts. There is no error in the trial court's above-quoted statement of the legal tests to be applied where the relief sought is rescission or reformation of the land contract. Plaintiff's bill of complaint was properly dismissed.

That upon performance of their obligations under the contract defendants are entitled to a conveyance in accord with its terms there can be no doubt. Plaintiff, being unable to convey marketable title as agreed, should be required to respond in damages for breach of the covenant in that regard. In *Holden* v. *William Tait Realty Co.,* 216 Mich. 633, we quoted with approval from 36 Cyc. p. 740, the following:

" 'Although the purchaser cannot have a partial interest forced upon him, yet if he entered into the contract in ignorance of the vendor's incapacity to give him the whole, he is generally entitled to have the contract specifically performed as far as the vendor is able, and to have an abatement out of the purchase money for any deficiency in title, quantity, or quality of the estate. This is not making a new contract for the parties, since the vendor is not compelled to convey anything for which he did not agree to convey, and the vendee pays for what he gets according to the rate established by the agreement.' "

In *Stauch* v. *Daniels,* 240 Mich. 295, and in *Drysdale* v. *Marheine,* 240 Mich. 529, we held that where a vendor contracted to sell land but owned only a portion thereof, the vendee in a suit for specific performance has the right to elect to take partial performance to the extent of the vendor's ability to perform and have proportional abatement of the contract price. To the same effect see *Nelson* v. *Geib,* 162 Mich. 410. See, also, 14 Am. Jur. p. 580. In 2 Sutherland on Damages (4th Ed.), § 592, it is said:

"The covenant is broken if the grantor has not the very estate in quantity and quality which he purports to convey. * * * In case of such breaches the plaintiff is entitled to recover damages according to the difference in value between the property in the condition it was covenanted to be and its actual condition."

The difficulty presented in this case is in the determination of the amount of damages sustained by defendants, for which they are entitled to proportional abatement of the contract price, by reason of plaintiff's failure and inability to convey the mineral rights. That damages cannot be measured easily or with mathematical certainty or absolute accuracy is no ground for denying them. *Balcom* v. *Tribbett,* 197 Mich. 620; *DeVries* v. *Meyering Land Co.,* 248 Mich. 128; *Callender* v. *Myers Regulator Co.,* 250 Mich. 298.

What is the difference in value of the premises as they were covenanted to be conveyed and as plaintiff is able to convey them without the mineral rights? On the basis of testimony before it the trial court said:

"It is quite plain that the value of such mineral fluctuates greatly with changes in oil prospects, but the testimony in this case indicates a $2-per-acre

floor and a $12-per-acre ceiling for mineral in this locality."

Apparently the court then settled on the mean figure between $2 and $12 and fixed defendants' damages at $7 per acre, thus determining the diminution of value of the 80 acres to be $560, and decreed abatement of the unpaid portion of the contract purchase price in that amount. The court's decree further required that upon payment thereof, less defendants' costs of suit, plaintiff should convey all his right, title and interest in the premises to defendants. We find no occasion to disturb the trial court's determination of the amount for which it allowed proportional abatement of the agreed price. We are not convinced that it is out of accord with the just rights of the parties.

Plaintiff urges that in arriving at the above figure the trial court must have considered the reservation of coal and mineral rights as including gas and oil and that in this the court was in error. This contention was not raised by the pleadings, on trial, nor in plaintiff's statement of reasons and grounds for appeal and is, in consequence, not entitled to consideration on appeal. It may be noted, however, that in *Weaver* v. *Richards*, 156 Mich. 320, we held that a reservation in a deed "of all minerals" includes petroleum, oil and gas.

Plaintiff cites authorities holding that a tenant in possession under a land contract may not avoid his obligations nor defeat his vendor's rights thereunder by challenging the vendor's title. These have no application in a case, as here, where the tenant seeks to affirm the contract of purchase and prays for its specific performance, nor are they adverse to his

right to recover the damages occasioned by the vendor's breach of covenant as to title.

Decree affirmed, with costs to defendants.

BUSHNELL, C. J., and SHARPE, BOYLES, REID, NORTH, BUTZEL, and CARR, JJ., concurred.