HUNT FOODS AND INDUSTRIES, INC., Respondent, *v.* GEORGE M. DOLINER et al., Appellants.

First Department, June 9, 1966.

*Ben Herzberg* and *Frederick F. Greenman, Jr.*, of counsel (*Hays, Sklar & Herzberg*, attorneys), for appellants.

*Milton Pollack* for respondent.

STEUER, J. In February, 1965 plaintiff corporation undertook negotiations to acquire the assets of Eastern Can Company. The stock of the latter is owned by defendant George M. Doliner

and his family to the extent of 73%. The balance is owned by independent interests. At a fairly early stage of the negotiations agreement was reached as to the price to be paid by plaintiff ($5,922,500 if in cash, or $5,730,000 in Hunt stock, but several important items, including the form of the acquisition, were not agreed upon. At this point it was found necessary to recess the negotiations for several weeks. The Hunt negotiators expressed concern over any adjournment and stated that they feared that Doliner would use their offer as a basis for soliciting a higher bid from a third party. To protect themselves they demanded an option to purchase the Doliner stock. Such an option was prepared and signed by George Doliner and the members of his family and at least one other person associated with him who were stockholders. It provides that Hunt has the option to buy all of the Doliner stock at $5.50 per share. The option is to be exercised by giving notice on or before June 1, 1965, and if notice is not given the option is void. If given, Hunt is to pay the price and the Doliners to deliver their stock within seven days thereafter. The agreement calls for Hunt to pay $1,000 for the option, which was paid. To this point there is substantial accord as to what took place.

Defendant claims that when his counsel called attention to the fact that the option was unconditional in its terms, he obtained an understanding that it was only to be used in the event that he solicited an outside offer; and that plaintiff insisted that unless the option was signed in unconditional form negotiations would terminate. Plaintiff contends there was no condition. Concededly, on resumption of negotiations the parties failed to reach agreement and the option was exercised. Defendants declined the tender and refused to deliver the stock.

Plaintiff moved for summary judgment for specific performance. We do not believe that summary judgment lies. Plaintiff's position is that the condition claimed could not be proved under the parol evidence rule and, eliminating that, there is no defense to the action.

The parol evidence rule, at least as that term refers to contracts of sale,* is now contained in section 2–202 of the Uniform Commercial Code, which reads:

---

* While article 2 of the Uniform Commercial Code which contains this section does not deal with the sale of securities, this section applies to article 8, dealing with securities. (Cf. *Agar* v. *Orda*, 264 N. Y. 248; Official Comment, McKinney's Cons. Laws of N. Y., Book 62½, Part 1, Uniform Commercial Code, pp. 96–97; Note, 65 Col. L. Rev. 880, 890–891.) All parties and Special Term so regarded it.

" Terms with respect to which the confirmatory memoranda of the parties agree or which are otherwise set forth in a writing intended by the parties as a final expression of their agreement with respect to such terms as are included therein may not be contradicted by evidence of any prior agreement or of a contemporaneous oral agreement but may be explained or supplemented * * *

" (b) by evidence of consistent additional terms unless the court finds the writing to have been intended also as a complete and exclusive statement of the terms of the agreement."

The term (that the option was not to be exercised unless Doliner sought outside bids), admittedly discussed but whose operative effect is disputed, not being set out in the writing, is clearly " additional " to what is in the writing. So the first question presented is whether that term is " consistent " with the instrument. In a sense any oral provision which would prevent the ripening of the obligations of a writing is inconsistent with the writing. But that obviously is not the sense in which the word is used (*Hicks* v. *Bush*, 10 N Y 2d 488, 491). To be inconsistent the term must contradict or negate a term of the writing. A term or condition which has a lesser effect is provable.

The Official Comment prepared by the drafters of the code contains this statement: " If the additional terms are such that, if agreed upon, they would certainly have been included in the document in the view of the court, then evidence of their alleged making must be kept from the trier of fact." (McKinney's Uniform Commercial Code, Part 1, p. 158.)

Special Term interpreted this language as not only calling for an adjudication by the court in all instances where proof of an " additional oral term " is offered, but making that determination exclusively the function of the court. We believe the proffered evidence to be inadmissible only where the writing contradicts the existence of the claimed additional term (*Meadow Brook Nat. Bank* v. *Bzura*, 20 A D 2d 287, 290). The conversations in this case, some of which are not disputed, and the expectation of all the parties for further negotiations, suggest that the alleged oral condition precedent cannot be precluded as a matter of law or as factually impossible. It is not sufficient that the existence of the condition is implausible. It must be impossible (cf. *Millerton Agway Co-op.* v. *Briarcliff Farms*, 17 N Y 2d 57, 63–64).

The order should be reversed on the law and the motion for summary judgment denied, with costs and disbursements to abide the event.

BREITEL, P. J., RABIN, STEVENS and CAPOZZOLI, JJ., concur.

Order and judgment (one paper) unanimously reversed, on the law, with $50 costs and disbursements to abide the event, and plaintiff's motion for summary judgment denied.