Harry W. HELMS, Appellant
(Plaintiff below),

v.

Patrick CHANEY, Appellee
(Defendant below).

No. 3513.

Supreme Court of Wyoming.

Oct. 21, 1966.

Charles G. Newton, Cheyenne, for appellant.

Maxwell E. Osborn, of Pattno, Osborn, Lynch & Smith, Cheyenne, for appellee.

Before PARKER, C. J., and HARNSBERGER, GRAY and McINTYRE, JJ.

PER CURIAM.

Subsequent to an intersection collision between plaintiff's Chevrolet Greenbriar and defendant's Ford Falcon, plaintiff brought suit against defendant, alleging negligence and asking damages in the sum of $1,501.66. Defendant denied the allegation of negligence and counterclaimed for damages in the sum of $304. Trial was to the court and judgment was against the plaintiff on his complaint and against the defendant on his counterclaim. Plaintiff, only, appealed to this court.

Prior to the collision, plaintiff was driving east on Twelfth Street, approaching Madison Avenue, in Cheyenne, intending to make a left-hand turn at the next intersection. Defendant was driving south to north on Madison. At the "T" intersection of Twelfth and Madison, there were no traffic controls. According to the Cheyenne traffic officer who investigated, the point of impact occurred approximately twenty-one feet north of the south curb of Twelfth and three feet east of the west curb of Madison. Prior to the point of impact, the officer found no skidmarks on Madison. The speed limit in the area was twenty-five miles per hour. Other than these basic facts, the circumstances are in dispute.

Plaintiff said he was probably driving at twenty to twenty-five miles per hour. As he approached Madison he saw a vehicle, which he subsequently learned was driven by one McIrvin, in the intersection of Twelfth and Madison and slowed to about

fifteen miles per hour, there being no need for McIrvin to take evasive action. As the plaintiff entered the intersection he saw defendant's car about five feet to his right, and plaintiff swerved left. At about that time defendant's automobile struck the right-rear portion of plaintiff's vehicle.

Defendant said he had stopped before entering Madison at about the center of the street and no more than five feet back from the intersection, put on his signal light for a left-hand turn onto Twelfth, looked east to see if there was traffic coming and as he proceeded, turned back to look west and plaintiff was close in front. Before he could stop, the collision occurred. He estimated he was traveling about ten miles per hour.

A passenger in the McIrvin automobile said that after that vehicle was proceeding south on Twelfth, about a half-block from the intersection, it passed plaintiff who was traveling about thirty-five to forty miles per hour, was not "watching very close," and took "about all the road," and that, in fact, it was necessary for McIrvin to swing over to the borrow pit to avoid a collision.

McIrvin said that he did not see plaintiff's vehicle prior to the time he turned, but that after he was going west on Twelfth he saw plaintiff's vehicle, thought plaintiff had lost control of it and would hit him and swung to the side, although at the time they passed each was on his right side.

Plaintiff has argued before this court for reversal of the judgment of the trial court on the ground that it was contrary to the law and evidence insofar as it applied to him. In so doing, he has pointed out evidence which showed defendant was guilty of failing to keep a proper lookout, driving on the wrong side of the road, cutting corners, failing to obey certain statutes, ordinances, and rules of conduct so as to lose the right-of-way, and of committing other negligent acts.

The trial court was, of course, within its prerogative to evaluate the testimony before it and to determine the cred-ibility of the witnesses. In so doing it might not have believed plaintiff's version; and, even if the court had believed all of the evidence that tended to substantiate plaintiff's assertions of violations by the defendant, such fact would not prevent a finding that plaintiff was guilty of contributory negligence. There was ample testimony, which, if believed, would have supported such a finding, and as we have frequently pointed out, in the absence of special findings a reviewing court must consider that a judgment carries with it every necessary finding of fact which is supported by evidence.

Affirmed.