GENERAL EQUIPMENT MANUFACTURERS *v.*
BIBLE PRESS, INC.

1. APPEAL AND ERROR—CONTRACTS—PAYMENT—EVIDENCE—MISTAKE.
   Consideration by jury of all of the documents presented in action to recover an allegedly mistaken overpayment *held*, not error, where issue of what was the actual agreement was vehemently disputed and essential to the primary issue of mistaken payment.

2. EQUITY—UNILATERAL MISTAKE—UNJUST ENRICHMENT.
   Generally, a unilateral mistake is insufficient to warrant recovery or relief, but relief may be granted on the theory of unjust

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 834.
[2] 27 Am Jur 2d, Equity §§ 28, 33.
[3, 4] 46 Am Jur, Restitution and Unjust Enrichment.

enrichment, even though the defendant was not guilty of fraud or other inequitable conduct, and even though the mistake was unilateral.

3. MONEY RECEIVED—MISTAKE—RESTITUTION OF EXCESS PAYMENT.

One who has paid to another an excessive amount of money because of an erroneous belief induced by a mistake of fact that the sum paid was necessary for the discharge of a duty, for the performance of a condition, or for the acceptance of an offer is entitled to restitution of the excess.

4. SAME—MISTAKE—CONTRACT—OVERPAYMENT.

Admission of all evidence relating to an original quotation and purchase order for science-teaching equipment and to a letter written 10 months later where the seller quoted the price but omitted the installation charge by mistake, for the jury to consider as bearing on the actual intent and agreement of the parties *held,* proper; the jury as trier of fact should resolve the issue of whether defendant detrimentally relied on the terms in the letter as embodying the actual written agreement, thus entitling him to retain the mistaken payment (MCLA §§ 440.1103, 440.2102, 440.2202).

Appeal from Common Pleas Court of Detroit; Stanczyk (Benjamin C.), J.   Submitted Division 1 December 6, 1967, at Detroit.   (Docket No. 2,417.) Decided April 2, 1968.   Rehearing denied May 21, 1968.   Leave to appeal denied August 12, 1968.   See 381 Mich 770.

Declaration in assumpsit by General Equipment Manufacturers, a Mississippi corporation, against Bible Press, Inc., a Michigan corporation, to recover an overpayment made to defendant.   Defendant counterclaimed.   Verdict and judgment for plaintiff. Defendant appeals.   Affirmed.

*Neil B. Hayes* (*George Brett Shaeffer,* of counsel), for plaintiff.

*Long, Ryan, Franseth & Spicer,* for defendant.

Fitzgerald, J. This is an action in contract involving 3 parties; a school purchasing authority, a classroom scientific equipment manufacturer (hereinafter referred to as plaintiff) and a school and church equipment distributor (hereinafter referred to as defendant). Three contracts were executed between the parties. The first granted to defendant the exclusive right to sell scientific equipment, manufactured by the plaintiff, in the State of Michigan. The second contract was between the purchasing department of the Archdiocese of Detroit and the defendant and concerned the purchase and placement of this equipment in Catholic schools and churches. The contract which is the subject matter of this suit is between the plaintiff-manufacturer and the defendant-distributor.

Defendant requested that plaintiff provide a quotation for science-teaching equipment to be installed by defendant pursuant to the second contract described above. Plaintiff replied, sending a quotation of prices in September, 1964, listing the cost, freight, and installation charges for each item desired by the defendant, totaling $32,000. Defendant sent a purchase order to plaintiff in October, 1964, therein stating:

"One lot laboratory furniture per quote of General Equipment Manufacturers, Jackson, Mississippi, Toby Majure. To be delivered and installed June or July 1965."

Toby Majure is the president of plaintiff company. On July 19, 1965, the plaintiff, being concerned about defendant's credit rating, wrote a letter to defendant proposing an assignment of the contract between the purchasing department of the archdiocese and the defendant to the plaintiff. In this plan, it was intended that a check in the amount of the difference between the plaintiff's charges and

the purchasing department price would be sent to the defendant and the plaintiff would then charge the customer directly. In this letter of July 19, the plaintiff stated that the charges were to be the amount quoted in the original order, but failed to include the installation charges, amounting to $3,000, which were a part of that original order.

Further correspondence occurred and, as a result, no assignment of the contract between the purchasing department of the archdiocese and the defendant was ever made to the plaintiff. Upon completion of the contract, the purchasing department of the archdiocese made payment by check to the order of both the plaintiff and the defendant. The defendant indorsed the check and sent it to the plaintiff, who then remitted to defendant the difference in the amount paid by the customer and the figure mentioned in the July 19 letter, thereby erroneously overpaying defendant by $2,641.22. Plaintiff discovered its mistake and notified defendant, requesting restitution, but defendant refused, plaintiff then commencing action *in assumpsit* in the common pleas court for the city of Detroit for that amount. Defendant counterclaimed for $500.

The jury was asked to consider whether the actual agreement as to price was intended by the parties to be in the original quotation and purchase order, or in the letter of July 19. The verdict being for the plaintiff, permitting it to recover the moneys mistakenly· paid by it, defendant appeals to this Court.

Before this Court can consider the case law on the issue of unilateral mistake and the right of the mistaken party to recover money erroneously paid, we first look to the provisions of the Uniform Commercial Code for a determination of its applicability to the present situation since we are concerned with

a sale of goods. See MCLA § 440.2102 (Stat Ann 1964 Rev § 19.2102). Defendant specifically alleges that the moneys paid to him on July 19, after he fully performed, were expressly within the terms agreed upon by the parties and that, hence, plaintiff's claim concerning unilateral mistake is without merit.

We refer first to MCLA § 440.1103 (Stat Ann 1964 Rev § 19.1103):

"Sec. 1103. *Unless displaced by the particular provisions of this act, the principles of law and equity, including* the law merchant and the law relative to capacity to contract, principal and agent, estoppel, fraud, misrepresentation, duress, coercion, *mistake,* bankruptcy, or other validating or invalidating cause *shall supplement its provisions.*" (Emphasis supplied.)

One must then search the provisions of the code for any reference to this particular issue of unilateral mistaken payment wherein the admissibility of parol evidence as to the actual intention of the parties becomes determinative. The only relevant section found is at MCLA § 440.2202 (Stat Ann 1964 Rev § 19.2202):

"Sec. 2202. Terms with respect to which the confirmatory memoranda of the parties agree or which are otherwise set forth in a writing intended by the parties as a final expression of their agreement with respect to such terms as are included therein may not be contradicted by evidence of any prior agreement or of a contemporaneous oral agreement but may be explained or supplemented

"(a) by course of dealing or usage of trade (section 1205) or by course of performance (section 2208), and,

"(b) by evidence of consistent additional terms unless the court finds the writing to have been in-

tended also as a complete and exclusive statement of the terms of the agreement."

The problem in the present case is that the trial court was not sure which agreement expressed the intention of the parties. We have seen dispute between the parties as to whether the original quotation and purchase order of October, 1964, should be considered the contract and agreement under which the alleged mistaken payment was made or whether the letter of July 19, 1965, was actually the final and controlling document. Defendant's objections at the trial assumed that the July 19 letter controlled and that any evidence of transactions prior to that date should be held inadmissible as being irrelevant. However, the trial court admitted all such evidence and charged the jury to consider all of the documents as bearing on the actual intent and agreement of the parties. We do not find error in submitting this problem of the actual agreement to the jury for their determination as a trier of fact where it was so vehemently disputed and essential to the primary issue of mistaken payment.

The recovery of plaintiff *in assumpsit* was for a mistaken payment which unjustly enriched defendant. Defendant refers to cases wherein unilateral mistakes do not permit recovery of that money. See *Kokx* v. *Buechele* (1967), 6 Mich App 538; *Trembert* v. *Mott* (1935), 271 Mich 683; *Harris* v. *Axline* (1949), 323 Mich 585; *Kruger* v. *Agnor* (1948), 321 Mich 131. We distinguish these cases from the present one by noting that the plaintiff in *Harris* and *Trembert* sought *rescission* of the contract, and that mutuality of mistake was the ground sought for relief in *Kruger*. The *Kokx Case* involves a right to ingress and egress to real estate mistakenly omitted from a deed, plaintiff

seeking reformation to have it now included by simply claiming that there *was* an "automatic" express agreement to that effect with the defendant. The decision therein turned on the refusal of this Court to make a contract by reformation where there was no mutual intent shown by the parties. In the present case, the trial court was not writing or reforming a contract; rather, it was permitting the jury to derive the actual agreement from 2 existing documents, both possibly contractual, depending on the intention of the parties.

We are mindful of the following language in 17 Callaghan's Michigan Civil Jurisprudence, Mistake and Accident, § 3:

"Ordinarily, recovery or relief is denied unless the mistake is mutual: that is, the mistake must be one that is shared by both parties. Accordingly, a unilateral mistake is, of itself, insufficient to warrant recovery or relief."

However, it is also noted at section 3:

"Notwithstanding these rules, recovery or relief of one type or another may be granted on the theory of unjust enrichment, even though the defendant has not been guilty of fraud or other inequitable conduct, and even though, it would seem, the mistake is unilateral."

Also, see sections 9 and 20.

The jury has determined that the defendant unjustly has in his possession money which, in equity and good conscience, belongs to the plaintiff and which is said to be held by the defendant under an implied promise to return it to the plaintiff who mistakenly paid it to the defendant. See *Brenner* v. *Niver Parsons Corporation* (1930), 250 Mich 81; *Trevor* v. *Fuhrmann* (1953), 338 Mich 219. Also, see 70 CJS, Payment, § 157(f), p 373:

"So, where one by mistake of fact pays more than is due on the debt or obligation, he may recover the overpayment."

Also, see the Restatement Of The Law on Restitution, § 20:

"A person who has paid another an excessive amount of money because of an erroneous belief induced by a mistake of fact that the sum paid was necessary for the discharge of a duty, for the performance of a condition, or for the acceptance of an offer, is entitled to restitution of the excess."

As we have seen, it is often broadly stated that a unilateral mistake should prevent reformation and rescission. The rationale behind such decisions is that it is undesirable or inequitable to require the party who has received the money or goods, and performed or acted under mistaken payments, to return them where they have formed the basis of the bargain, or where he has relied on these erroneous payments to his detriment. See Restatement Of The Law on Restitution, § 12; also, *Moritz* v. *Horsman* (1943), 305 Mich 627. However, the concept of unjust enrichment demands return of such overpayment where there was no such detrimental reliance. Hence, we return to the question of which of the agreements accurately reflects the intentions of the parties in order to resolve the issue of whether the defendant detrimentally relied on the terms of the July 19th letter as embodying the actual written agreement, thus entitling him to retain the alleged mistaken payment. This is a question of fact for the jury and the law was correctly stated to them by the trial court in his charge. We will not disturb their determination that the payment was mistakenly made to defendant, who **was** unjustly enriched

thereby, thus entitling plaintiff to recovery of that amount.

Other issues raised by the defendant have been duly considered and found to be without meritorious import to our decision herein.

Affirmed. Costs to plaintiff.

LESINSKI, C. J., and McGREGOR, J., concurred.