**MICHAEL SCHIAVONE & SONS, INC.,**
**Plaintiff,**

v.

**SECURALLOY COMPANY, Inc.,**
**Defendant.**

**Civ. No. 13048.**

United States District Court,
D. Connecticut.

April 24, 1970.

---

802

William J. Egan, of Wiggin & Dana, New Haven, Conn., for plaintiff.

Sheldon D. Hosen, of Gordon & Hosen, New Haven, Conn., for defendant.

TIMBERS, Chief Judge.

## QUESTION PRESENTED

The essential question presented by plaintiff's motion for judgment on the pleadings, pursuant to Rule 12(c), Fed. R.Civ.P., and plaintiff's alternative motion for summary judgment, pursuant to Rule 56, Fed.R.Civ.P.—both directed solely to the issue of liability—in this diversity action for breach of a sales contract for stainless steel solids, is whether defendant is precluded by Conn.Gen.Stat. § 42a–2–202, the parol evidence rule applicable to contracts of sale, from showing by parol evidence that the written contract between the parties did not represent the complete and final understanding of the parties as to defendant's obligation thereunder.

The Court holds, upon the present record, that defendant would not be precluded from introducing parol evidence; and that such evidence would raise genuine issues as to material facts. Accordingly, defendant's alternative motions for judgment on the pleadings and summary judgment must be denied.

## FACTS

Plaintiff invokes the diversity jurisdiction of this Court pursuant to 28 U.S.C. § 1332 (1964). The complaint alleges that plaintiff, Michael Schiavone & Sons, Inc., is a Connecticut corporation with its principal place of business in Connecticut; that defendant, Securalloy Company, Inc., is an Illinois corporation with its principal place of business in a state other than Connecticut; and that the matter in controversy exceeds $10,000, exclusive of interest and costs.

The action seeks damages for alleged breach by defendant of a contract to supply stainless steel solids to plaintiff. The complaint alleges that on August 13, 1968 defendant agreed to deliver to plaintiff at New Haven, on or before December 15, 1968, 500 gross tons of stainless steel solids at a unit price of $270 per ton. It is undisputed that defendant delivered only 210 tons by that date. Plaintiff alleges that defendant refused to deliver the balance of 290 tons, thus forcing plaintiff to obtain the balance elsewhere at a unit price in excess of $270 per ton. Plaintiff claims $60,000 damages.

The agreement is evidenced by two written documents, each dated August 13, 1968: plaintiff's "purchase contract", signed by plaintiff; and defendant's "sales contract", signed by defendant. Each of these written documents specifies that the quantity of stainless steel solids to be supplied by defendant is "500 Gross Ton".

Defendant's answer denies the material allegations of the complaint; and alleges a number of affirmative defenses which, with respect to the issue of liability, may be summarized briefly as follows: (1) there was no contract to deliver 500 gross tons; (2) if there was such a contract, it was orally modified; and (3) if there was such a contract, it was orally cancelled because of the impossibility of performance.

On the instant motions, plaintiff claims that the written contract represents the complete and only understanding of the parties as to the quantity of stainless steel solids to be supplied by defendant to plaintiff; and that Conn. Gen.Stat. § 42a–2–202, the parol evidence rule, precludes defendant from introducing evidence to contradict the written contract. Since the written contract specifies that the quantity to be delivered is 500 gross tons, and it is undisputed that defendant did not deliver that amount, plaintiff asserts that there is no genuine issue as to any material fact with regard to defendant's breach of the contract and that defendant is liable as a matter of law for damages sustained by plaintiff as a result of defendant's breach.

### OPINION

■ Since the contract here involved is a sales contract, it comes within the purview of the Uniform Commercial Code as adopted in Connecticut by the enactment of Conn.Gen.Stat. §§ 42a–1–101—42a–10–104;[1] and in particular, Section 42a–2–202, the parol evidence rule applicable to sales contracts, is controlling.

As to defendant's first affirmative defense[2]—that the written contract specifying delivery of 500 tons does not represent the complete understanding of the parties and that there was an oral understanding that defendant was to supply plaintiff with as many tons as defendant could obtain, with an upper limit of 500 tons—plaintiff contends that any evidence offered by defendant to show this in fact was the understanding of the parties would be inadmissible under Section 42a–2–202, which provides in part:

"Terms with respect to which the confirmatory memoranda of the parties agree or which are otherwise set forth in a writing intended by the parties as a final expression of their agreement with respect to such terms as are included therein may not be contradicted by evidence of any prior agreement or of a contemporaneous oral agreement. . . ."

Section 42a–2–202, however, contains two exceptions to this general rule prohibiting the introduction of parol evidence to contradict the terms of a writing.

Subsection (a) provides that a writing may be explained or supplemented "(a) by . . . usage of trade as provided by section 42a–1–205." Usage of trade is defined in Section 42a–1–205 as "any practice or method of dealing having such regularity of observance in a place, vocation, or trade as to justify an expectation that it will be observed with respect to the transaction in question."

1. This being a diversity action, Connecticut's rules of substantive law will be applied. Guaranty Trust Co. v. York, 326 U.S. 99 (1945).

2. Since the Court holds, for reasons hereinafter set forth, that defendant is not precluded from introducing evidence in support of its first affirmative defense and that such evidence would raise genuine issues as to material facts, it is unnecessary, for purposes of the instant motions, to consider defendant's remaining affirmative defenses. 6 Moore's Federal Practice ¶56.17[4], at 2491–92 (2d ed. 1966).

Defendant has filed an affidavit by Morris Wasserman, an employee of defendant who, together with defendant's president, negotiated the contract on behalf of defendant. The Wasserman affidavit states that it was the understanding of the parties "in accordance with trade usage" that defendant was to deliver up to 500 tons, not 500 tons. Since evidence of such trade usage is admissible under subsection (a), a triable issue of fact as to this term of the contract is presented.

In addition, subsection (b) of Section 42a–2–202 provides that a writing may be explained or supplemented "(b) by evidence of consistent additional terms unless the court finds the writing to have been intended also as a complete and exclusive statement of the terms of the agreement."

Defendant's answer alleges, and the Wasserman affidavit states, that at the time the contract was entered into it was orally understood that defendant was to supply up to 500 tons, not 500 tons.

In determining whether evidence of such an understanding is admissible under subsection (b), the first question is whether the contract documents (plaintiff's "purchase contract" and defendant's "sales contract") constitute the "complete and exclusive statement of the terms of the agreement." In making such determination, it must be borne in mind that Section 42a–2–202 was intended to liberalize the parol evidence rule

and to abolish the presumption that a writing is a total integration.[3] In the instant case there is no clause in the written contract stating that it is the complete agreement; and the Court is unable to so find upon the present record.

The second question is whether the evidence in question constitutes evidence of "consistent additional terms." In making this determination, it must be borne in mind that to be inconsistent the terms must contradict or negate a term of the written agreement; and a term which has a lesser effect is deemed to be a consistent term.[4] Evidence that the quantity to be supplied by defendant was orally understood to be up to 500 tons cannot be said to be inconsistent with the terms of the written contract which specified the quantity as "500 Gross Ton".

Since evidence of such consistent additional terms is admissible under subsection (b), a triable issue of fact as to such terms of the contract is presented.

■ In short, defendant is not precluded by the parol evidence rule from introducing evidence in support of its first affirmative defense, as to which the pleadings and affidavits raise genuine issues of fact.

### ORDER

ORDERED that plaintiff's motions for judgment on the pleadings and for summary judgment are denied.[5]

---

3. Hunt Foods & Indus., Inc. v. Doliner, 49 Misc.2d 246, 248, 248 N.Y.S.2d 364, 368 (Sup.Ct.1966), rev'd on other grounds, 26 App.Div.2d 41, 270 N.Y.S.2d 937 (1st Dept. 1966).

4. Hunt Foods & Indus., Inc. v. Doliner, 26 App.Div.2d 41, 43, 270 N.Y.S.2d 937, 940 (1st Dept. 1966).

5. While it is of no particular moment here, since matters outside the pleadings in the form of affidavits have been submitted by the parties and considered by the Court, plaintiff's motion for judgment on the pleadings technically is treated as one for summary judgment pursuant to Rule 56, Fed.R.Civ.P., as provided in Rule 12(c), Fed.R.Civ.P. See Pofe v. Continental Ins. Co. of New York, 161 F.2d 912, 914–15 (7 Cir. 1947), cert. denied, 332 U.S. 824 (1947); Palmer v. Palmer, 31 F.Supp. 861, 863 (D.Conn.1940).