**J. A. ZWIERZYCKI, d/b/a J. A. Chevrolet-Cadillac, Appellant (Defendant below), Marvin Eads (Defendant below),**

v.

**John W. OWENS, Appellee (Plaintiff below).**

**No. 4063.**

Supreme Court of Wyoming.

July 24, 1972.

John A. MacPherson and T. Michael Golden of Brimmer, MacPherson & Golden, Rawlins, for appellant.

C. L. Bates, Rawlins, for appellee.

Before McINTYRE, C. J., and PARKER, McEWAN, and GUTHRIE, JJ.

Mr. Justice GUTHRIE delivered the opinion of the court.

This is a suit filed by Owens as plaintiff, appellee here, against J. A. Zwierzycki, d/b/a J. A. Chevrolet-Cadillac, and Marvin Eads as defendants. Zwierzycki is the sole appellant here. Plaintiff's claim was for damages for failure to make repairs and remove certain defects in a mobile-home unit purchased by Owens. It is claimed there were noticeable existent defects in the unit at the time of purchase, that appellant had agreed to repair or remove such defects, and that this had never been done. Appellant denied that any defects were noted or that they were ever brought to his attention and denied any demand was made for such repairs. In the

trial thereof the court found generally for plaintiff and entered judgment against defendants in the sum of $525, and that in addition thereto defendant Zwierzycki install at his expense a 4′ x 4′ window in the trailer. Although Eads answered, he did not appear or testify and does not appeal.

Appellant assigns two errors, i. e., that evidence was received and relied upon in violation of the parol evidence rule, and in the alternative that if the judgment is sustainable that it is excessive and should be reduced by the amount of the cost of installing the window.

After the trailer was delivered to appellee he executed on July 18, 1969, an installment sales contract containing generally the following provisions upon which appellant places his reliance: That the unit was in good order and accepted; a clause limiting the implied warranty of merchantability, and that no representations, promises, or statements had been made by the seller unless incorporated therein; and another general clause that no modification of any terms or conditions should be valid unless made in writing. Appellant contends that because of these provisions the court violated the parol evidence rule, which is both evidentiary and substantive. He also contends that a contract once reduced to writing cannot be contradicted, altered, or varied by parol or other evidence. He asserts that oral statements made at or previous to the time of execution of the contract may in some instances be shown but only as part of the surrounding facts and that the entire agreement was contained in the written installment sales contract. Counsel for appellant cite much authority, including cases from this court, for that proposition. The authorities cited, however, do not involve matters covered by the provisions of the Uniform Commercial Code, and particularly do not consider the effect of § 34-2-202, W.S.1957, 1971 Cum.Supp., which is as follows:

"Terms with respect to which the confirmatory memoranda of the parties agree or which are otherwise set forth in a writing intended by the parties as a final expression of their agreement with respect to such terms as are included therein may not be contradicted by evidence of any prior agreement or of a contemporaneous oral agreement but may be explained or supplemented

"(a) by course of dealing or usage of trade (section 34-1-205) or by course of performance (section 34-2-208); and

"(b) by evidence of consistent additional terms unless the court finds the writing to have been intended also as a complete and exclusive statement of the terms of the agreement."

■ The Code was intended to liberalize the parol evidence rule and to eliminate the presumption that a written contract is a total integration.[1]

Appellee and defendant Eads, an employee and agent of appellant, inspected this trailer upon the lot of appellant and discussed these defects prior to the time this contract was executed and before the trailer was moved to the lot where it was located. They examined the cabinets, and the guides on the drawers were broken and the shelves were not extended out far enough, which left a gap. Appellee testified that at the time and as a part of the transaction Eads delivered the manufacturer's warranty for the mobile home and statement of service policy of the manufac-

1. Michael Schiavone & Sons, Inc. v. Securalloy Company, D.C.Conn., 312 F. Supp. 801, 803; 1 Anderson, Uniform Commercial Code, Official Code Comment, § 2-201:1, paragraph 1(a), p. 287, and paragraph 3, p. 288 (2d Ed.). For other cases illustrating the application and effect of this modification of the parol evidence rule see Hunt Foods and Industries, Inc. v. Doliner, 26 A.D.2d 41, 270 N.Y.S.2d 937, 940, affirmed, 26 A.D.2d 623, 272 N.Y.S.2d 686; Performance Motors, Incorporated v. Allen, 280 N.C. 385, 186 S.E.2d 161, 165; General Equipment Manufacturers v. Bible Press, Inc., 10 Mich.App. 676, 160 N.W.2d 370, 373; Wisconsin Dairy Fresh, Inc. v. Steel & Tube Products Co., 20 Wis.2d 415, 122 N.W.2d 361, 366.

turer. This warranty contains an unconditional guaranty against defects of material or workmanship for a 90-day period. The service policy contains the following:

> "Service is expected to be arranged for *by the Dealer* * * *." (Emphasis in original.)

Prior to the execution of the agreement it was agreed by Eads that the defects would be corrected. Some of this testimony was received without objection. Neither Eads nor defendant Zwierzycki ever questioned the existence of the defects and no contention is made that they were not existent. When the warranty was delivered appellee was told the unit was a nationally known brand and it ought to be fixed and would be covered by the warranty. After the purchase and delivery of the unit appellant and Eads agreed to repair and remove these defects and appellee was advised these repairs would be made. Complaints for failure to make said repairs were made in August, September, October, and November, and neither of the defendants ever denied the responsibility to fix these defects and appellee was assured they would be corrected.

Appellant denies he had any personal knowledge of these defects or was ever advised of the desire to have them repaired, and that had he known of this he would have made such repairs. Appellee, however, testified that he had mentioned this to the appellant.

■ From the general finding of the trial court it must be considered that it found that the written instrument was not intended to be the "complete and exclusive statement of the terms of the agreement."[2]

■ There is little conflict in the evidence herein but in the areas where such exists we must presume that the evidence of the appellee is true and must give him every favorable inference which may be drawn therefrom, and this statement of facts is made consonant with this rule.[3]

The judgment of the trial court must be sustained on the basis of its finding. But it might also be sustained on the theory that the agreement to repair was an inducement to enter the contract rather than a part of it.[4]

■ In connection with appellant's second contention that the judgment should be reduced by the amount of the installation of the window, he nowhere in his brief nor in the record points out the proper amount of this deduction, and it would be sheer speculation on our part, without evidence of any character, to determine the correct amount. At the close of plaintiff's case appellant moved the court to reduce the amount of the claim to show the amount specified in the estimate, $525, which was allowed.

The judgment is therefore affirmed.

2. Helms v. Chaney, Wyo., 418 P.2d 1000, 1001; Colwell v. Anderson, Wyo., 438 P.2d 448, 452; Hawkey v. Williams, 73 Wyo. 463, 281 P.2d 447, 449.

3. See 1 Wyoming Digest, Appeal and Error, ⊜931(1), pp. 378, et seq., and 1972 Cum.Supp., for cases too numerous to cite.

4. Hull-Dobbs, Inc. v. Mallicoat, 57 Tenn. App. 100, 415 S.W.2d 344, 346.