BENNETT v WRIGHT

1. Courts—Replevin—Show-Cause Hearings—Claim and Delivery —Meritorious Defenses—Court Rules.

A hearing in response to an order to show cause in a claim and delivery action is heard as a motion by the court; where the defendant can present no meritorious defense to the action at the hearing the court is empowered to enter an order for delivery of the property to the plaintiff; where the court determines that there may be a meritorious defense to the action the case shall thereupon be set for trial in conformity with the rules of the court in which the action is pending (GCR 1963, 757.7 as amended by Administrative Order 1973-3).

2. Courts—Replevin—Show-Cause Hearings—Evidence—Meritorious Defenses—Court Rules.

Any substantial indication by a defendant at a show-cause hearing in a claim and delivery action that he has evidence to show a defense should be accepted by the trial court as showing that there may be a meritorious defense; he should not be required to marshall all of the evidence he would present at a plenary hearing of the case (GCR 1963, 757.7, Administrative Order 1973-3).

3. Courts—Replevin—Show-Cause Hearings—Evidence—Meritorious Defenses.

The purpose of a show-cause hearing in a claim and delivery action is to ascertain whether the defendant has a legal theory which if proven at trial would be a defense to a plaintiff's action; the hearing is not a substitute for a trial and was not intended to be a full evidentiary hearing.

4. Courts—Replevin—Show-Cause Hearings—Burden of Proof— Potential Defenses—Liberal Evaluation.

A defendant need not convince the judge at a show-cause hearing

References for Points in Headnotes

[1-4] 56 Am Jur 2d, Motions, Rules, and Orders § 34.
    66 Am Jur 2d, Replevin § 4.
[2, 4] 66 Am Jur 2d, Replevin § 98.
[5] 5 Am Jur 2d, Appearance §§ 1, 5, 6, 9, 10.
[6] 66 Am Jur 2d, Replevin §§ 49, 50, 96.

in a claim and delivery action that he will prevail at trial; judges at such hearings should evaluate potential defenses liberally and not require defendants to present all their supporting evidence at that time.

5. COURTS—REPLEVIN—SHOW-CAUSE HEARINGS—FAILURE TO APPEAR—DEFENSES.

Only when a defendant does not appear at a show-cause hearing in a claim and delivery action, or when he asserts a defense which, even if proven, does not constitute a defense to the plaintiff's action, should the trial judge find for the plaintiff at the hearing.

6. EVIDENCE—REPLEVIN—SHOW-CAUSE HEARINGS—PAROL EVIDENCE—MISTAKE AS A DEFENSE—MERITORIOUS DEFENSES—TRIAL.

Parol evidence of the mistaken omission of some items from a sales and security agreement may constitute a legally sufficient defense to a plaintiff's action for claim and delivery of the property; a defendant who has offered sufficient evidence at a show-cause hearing of such a mistake that it may be a meritorious defense to plaintiff's action should be allowed to proceed to trial.

Appeal from Eaton, Willard L. Mikesell, J. Submitted June 17, 1977, at Lansing. (Docket No. 28868.) Decided November 21, 1977.

Complaint by John E. Bennett and Gertrude Bennett against C. John Wright, also known as John E. Wright, for claim and delivery of certain equipment. An order to show cause was issued and a hearing was held on the order. Judgment for plaintiffs. Defendant appeals. Reversed and remanded.

*Warner, Hart, Morgan & Fuzak* (by *David A. Williams*), for plaintiff.

*Parr and Mason,* for defendant.

Before: D. E. Holbrook, Jr., P. J., and Allen and D. R. Freeman,* JJ.

D. E. Holbrook, Jr., P. J. Defendant, defendant's wife, and the plaintiffs (the parents of defendant's wife) entered into a limited partnership agreement for farming operations in June, 1974. In November, 1974, the parties dissolved the partnership and at the same time plaintiffs sold the farm land and some of the farm equipment to defendant and his wife. The primary documents relating to the equipment sale were a bill of sale, a security agreement, a financing statement and a bulk sale affidavit. These documents were all apparently prepared by plaintiffs' attorney.

In October, 1975, defendant's wife instituted a suit for divorce. Subsequently a number of disputes arose between plaintiffs and defendant but are only tangential to the specific issues on appeal.

The instant appeal arises from the trial court's ruling after a show-cause hearing on plaintiffs' action for claim and delivery of certain equipment not covered by the bill of sale and security agreement. Plaintiffs contended the omitted items were never intended to be sold to defendant and filed their action for claim and delivery under GCR 1963, 757. Defendant answered, contending several items were mistakenly omitted by plaintiffs' attorney when he drew up the sale documents.

A show-cause hearing was set pursuant to Administrative Order 1973-3, 389 Mich xliv (1973), which amends GCR 1963, 757.

".7 *Hearing on Order to Show Cause.* If the defendant appears in response to the order to show cause the court shall thereupon hear the same as a motion. If the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

court determines that the defendant *has no meritorious defense* to the action the court is empowered to enter an order for delivery of any or all of the property claimed in the complaint to the plaintiff in conformity with GCR 1963, 757.2–757.8. If the court determines that *there may be a meritorious defense to the action the case shall thereupon be set for trial* in conformity with the rules of the court in which the action is pending." (Emphasis supplied.)

Both the notice of the hearing and the trial judge's initial remarks indicate that the purpose of the hearing was to determine whether defendant *had* any defenses to the claim and delivery action. Several witnesses were called and numerous exhibits were entered into evidence. Without recounting what took place at the hearing, it is fair to say that defendant introduced at least some evidence that some items, especially a hotly disputed Oliver tractor, were intended to be sold to defendant but were mistakenly omitted from the sales and security agreements. As an indication of an omission, defendant points to the fact that the Oliver tractor was specified in the financing statement but not the security agreement.

After hearing the positions of the parties the trial judge verbally ruled from the bench that since the items, in particular the Oliver tractor, were not covered in the bill of sale or security agreement, defendant was not entitled to them and that defendant had not shown cause why the items should not be turned over to plaintiffs. The judge signed an order which stated defendant had shown no meritorious defense and that the pieces of equipment be returned to plaintiffs.

Defendant now appeals and argues that the trial court incorrectly adjudicated the issues on the merits rather than merely deciding whether there

*"may be"* a meritorious defense. Defendant contends that all he was required to do was present some evidence that he had a "mistake" defense to the claim and delivery action in order for the court to set the matter for trial. We agree with defendant.

The only case to deal with Administrative Order 1973-3 is *Detroit & Northern Savings & Loan v Woodworth,* 54 Mich App 517; 221 NW2d 190 (1974). The issue faced by the *Detroit & Northern* panel is similar to the one which faces us now— the scope of the show-cause hearing and the extent to which a defendant must establish a meritorious defense in order for the matter to go to trial.

As noted by Judge ALLEN in *Detroit & Northern,* the language of the administrative order provides few guidelines as to what a defendant must show and how a trial judge is to decide whether there is no meritorious defense or whether there *may be* a meritorious defense. As did the Court in *Detroit & Northern,* we look to text writers Honigman and Hawkins:

"A problem may arise as to what standard the court is to apply in determining whether or not 'there may be a meritorious defense to the action.' Since the time allowed to the defendant is rather short, he should not be required to marshall all of the evidence he would present at a plenary hearing of the case; any substantial indication on his part that he has evidence to show [a defense] * * * should constitute an acceptable showing that there 'may be' a meritorious defense." 5 Honigman & Hawkins, Michigan Court Rules Annotated, 1977 Honigman & Martin, Supp, p 50. See *Detroit & Northern, supra,* at 521.

The Supreme Court's use of the specific language, *"may be* a meritorious defense to the action the case *shall* be set for trial", indicates the purpose of

the hearing is to ascertain whether the defendant has legal theory which, if proven at trial, would be a defense to plaintiffs' action. The hearing is not a substitute for a trial and had the Supreme Court intended the show-cause hearing to be a full evidentiary hearing it would have spelled out that intention more clearly in the administrative order. A defendant need not convince the judge at the hearing that he, the defendant, will prevail on the basis of the defense after trial. The express use of the term "may" indicates trial judges should evaluate potential defenses liberally and not require defendants to present all their supporting evidence at the show-cause hearing.

Only when a defendant does not appear at the hearing or when a defendant asserts a defense which, even if proven, does not constitute a defense to plaintiff's action, should the trial judge grant immediate possession to plaintiff.

It is unclear what standard the trial judge used in finding the defendant had presented no meritorious defense. If he concluded that "mistake" could never, as a matter of law, constitute a valid defense under the Uniform Commercial Code or that parol evidence could not be introduced to show mistake, the trial judge erred. According to MCLA 440.1103; MSA 19.1103,[1] the code is supplemented by pre-code Michigan law regarding mistake. See *General Equipment Manufacturers v Bible Press, Inc,* 10 Mich App 676; 160 NW2d 370 (1968), *lv den,* 381 Mich 770 (1968). Further, parol evidence may be used to show a mistake. See Steinheimer's Practice Commentary to MCLA 440.2202; MSA 19.2202 in 21 Michigan Compiled Laws Annotated at 146 (indicating the code does not change Michi-

---

[1] "Unless displaced by the particular provisions of this act, the principles of law and equity, including * * * the law relative to * * * mistake * * * shall supplement its provisions."

gan law allowing parol evidence to show mistake, *Stoddard Manufacturing Co v Miller,* 107 Mich 51; 64 NW 948 [1895]). *Goodwin, Inc v Orson E Coe Pontiac, Inc,* 392 Mich 195, 204; 220 NW2d 664 (1974). Therefore under either Article 2[2] or Article 9[3] of the code, "mistake" may be a legally sufficient defense to plaintiffs' action.

We express no opinion as to the validity or merit of defendant's mistake theory, but conclude that defendant has offered sufficient evidence of a possible mistake so that it *may* be a meritorious defense.

We set aside the trial court order and remand to the trial court to schedule the matter for trial. Since the trial judge did not set the matter for trial, we need not address defendant's other issues on appeal regarding his demand for a jury trial and the posting of a bond. These matters are within the province of the trial court on remand.

Reversed and remanded.

---

[2] MCLA 440.2201; MSA 19.2201 through MCLA 440.2725; MSA 19.2725.

[3] MCLA 440.9101; MSA 19.9101 through MCLA 440.9507; MSA 19.9507.