LOADER LEASING CORPORATION v CENTURION EXCAVATORS, INC

Docket No. 59814. Submitted August 17, 1982, at Detroit.—Decided November 18, 1982.

Defendants, Centurion Excavators, Inc., Richard Rumble, and others, appeal as of right from orders of the Oakland Circuit Court, Gene Schnelz, J., granting plaintiff Loader Leasing Corporation's motion to dismiss with prejudice an action for claim and delivery and from an order denying defendant's motion to set aside an order granting the plaintiff possession of the claimed property pending final judgment which had been entered prior to the motion to dismiss. *Held:*

1. The court rule governing orders for possession pending final judgment does not include among the several options for relief the granting of a final judgment to a claimant as if by motion.

2. The provision contained in Administrative Order 1973-3 which allowed a trial judge to decide, at the hearing on prejudgment possession, that a defendant has no meritorious defense to a claim, no longer applies.

3. A final judgment in plaintiff's favor in a claim and delivery action may not be granted at the close of a hearing on prejudgment possession. After prevailing on its claim for possession pending final judgment, a plaintiff must obtain a final judgment entitling it to possession or face the penalty provided in the court rule regarding claim and delivery. The plaintiff may move for summary judgment in accordance with the court rules. Here, the defendants were not given notice before the hearing on prejudgment possession that the plaintiff sought final judgment at that time.

4. The order for prejudgment possession was not a final judgment when viewed in the context of the case.

The order dismissing plaintiff's complaint is reversed.

REFERENCES FOR POINTS IN HEADNOTES
[1, 3, 4] 66 Am Jur 2d, Replevin § 101 *et seq.*
[2] 66 Am Jur 2d, Replevin § 47 *et seq.*

1. REPLEVIN — CLAIM AND DELIVERY — PREJUDGMENT POSSESSION —
   OPTIONS FOR RELIEF — COURT RULES.

   The court rule governing orders for possession pending final
   judgment in a claim and delivery action does not include
   among the several options for relief the granting of a final
   judgment to the claimant as if by motion (GCR 1963, 757.5[d]).

2. REPLEVIN — CLAIM AND DELIVERY — ADMINISTRATIVE ORDERS —
   PREJUDGMENT POSSESSION — MERITORIOUS DEFENSES — COURT
   RULES.

   A provision contained in Administrative Order 1973-3, which
   amended the court rule regarding claim and delivery to allow a
   trial judge to decide at a hearing on prejudgment possession
   that a defendant has no meritorious defense to a claim, no
   longer applies (Administrative Order 1973-3, GCR 1963, 757).

3. REPLEVIN — CLAIM AND DELIVERY — PREJUDGMENT POSSESSION —
   FINAL JUDGMENTS.

   A final judgment in an action for claim and delivery may not be
   granted in the plaintiff's favor at the close of a hearing on
   prejudgment possession.

4. REPLEVIN — CLAIM AND DELIVERY — PREJUDGMENT POSSESSION —
   FINAL JUDGMENTS — SUMMARY JUDGMENTS — COURT RULES.

   A plaintiff in a claim and delivery action who has prevailed on a
   claim for possession pending final judgment must obtain a final
   judgment entitling him to possession or face the penalty pro-
   vided in the court rule regarding actions for claim and delivery;
   the plaintiff may seek such final judgment by a motion for
   summary judgment (GCR 1963, 117.2, subds [2], [3], 757.5,
   757.8[d]).

*Rice, Rice & Gilbert* (by *Allan W. Gilbert*), for
plaintiff.

*Brown & Winckler* (by *John Boyko, Jr.*), for
Centurion Excavators, Inc.

Before: BRONSON, P.J., and MACKENZIE and
K. N. SANBORN,* JJ.

PER CURIAM. Defendants appeal by right from
an order granting plaintiff's motion to dismiss

---

* Circuit judge, sitting on the Court of Appeals by assignment.

with prejudice an action for claim and delivery. An order granting plaintiff possession of the claimed property pending final judgment had been entered pursuant to GCR 1963, 757.5 prior to the motion to dismiss.

In support of the trial judge's decision, plaintiff relies heavily on two opinions interpreting Administrative Order 1973-3, 389 Mich xliv (1973), which amended GCR 1963, 757, *Bennett v Wright,* 79 Mich App 566; 263 NW2d 17 (1977); *Detroit & Northern Savings & Loan Ass'n v Woodworth,* 54 Mich App 517; 221 NW2d 190 (1974). The Administrative Order stated in part:

".7 *Hearing on Order to Show Cause.* If the defendant appears in response to the order to show cause the court shall thereupon hear the same as a motion. If the court determines that the defendant *has no meritorious defense* to the action the court is empowered to enter an order for delivery of any or all of the property claimed in the complaint to the plaintiff in conformity with GCR 1963, 757.2-757.8. If the court determines that *there may be a* meritorious defense to the action the case shall thereupon be set for trial in conformity with the rules of the court in which the action is pending." (Emphasis supplied.)

GCR 1963, 757 was amended several times between the issuance of Administrative Order 1973-3 and the time of the hearing on prejudgment possession in this case. At the time of the hearing, the following provision applied to the prejudgment hearing on possession:

"At the hearing, each party may present proofs. To obtain possession before judgment, the plaintiff must establish

"(A) that his right to possession is probably valid; and
"(B) that the property will be damaged, destroyed,

concealed, disposed of, or used so as to substantially impair its value, before trial." GCR 1963, 757.5(c)(2).

GCR 1963, 757.5(d) governs orders for possession pending final judgment. This provision lists several options for relief available to the trial judge. It does not include granting final judgment to the claimant as if by motion. We must conclude that the provision allowing the trial judge to decide, at the hearing on prejudgment possession, that a defendant has no meritorious defense to a claim, no longer applies. A final judgment in plaintiff's favor in a claim and delivery action may not be granted at the close of the hearing on prejudgment possession. After prevailing on its claim for possession pending final judgment, a plaintiff must obtain a final judgment entitling it to possession or face the penalty provided in GCR 1963, 757.8(d).[1] We do not preclude the plaintiff from moving for summary judgment, GCR 1963, 117.2, subds (2), (3). We do require the plaintiff to follow the court rules in making such a motion. Under the circumstances here, defendants did not have notice before the June 3, 1981, hearing that plaintiff sought final judgment at that time.

Plaintiff also claims that defendants' appeal is untimely because the order entered as a result of the hearing on prejudgment possession was, on its face, a final order. We begin by noting that the order was not entered in conformance with the court rules and did not reflect the ruling of the trial court at the hearing. On these grounds, defendants have appealed from the denial of their

[1] GCR 1963, 757.8(d) states:

"(d) If the defendant has been deprived of his property by a prejudgment order and the main action is discontinued or dismissed, the defendant may apply to the court for default judgment under GCR 1963, 520."

motion to vacate the order. We think the better view is that the order was not a final judgment when viewed in the context of the case. If plaintiff believed it was a final judgment, there was no reason for its motion to dismiss the complaint. This claim is without merit.

We reverse the order dismissing plaintiff's complaint. No costs, a question of first impression.