FIRST OF AMERICA BANK-OSCODA v VOLPE

Docket No. 121321. Submitted March 19, 1991, at Lansing. Decided
    May 7, 1991, at 10:30 A.M.

First of America Bank-Oscoda, the holder of a perfected security
    interest in certain excavation equipment pledged as collateral
    for a promissory note executed and defaulted on by William G.
    Soper, brought an action for claim and delivery in the Sanilac
    Circuit Court against Joseph Volpe and others, seeking posses-
    sion of an excavator Soper left on property owned by Volpe.
    The plaintiff, pursuant to MCR 3.105(E), moved for possession
    pending final judgment. The court, Allen E. Keyes, J., denied
    the motion, finding that Volpe, having sold the excavator, no
    longer had possession. The court also ruled that the plaintiff's
    security interest followed the excavator and that the plaintiff
    was entitled to proceed against Volpe. The plaintiff, over
    Volpe's objection, submitted a proposed order requiring Volpe
    to turn over the proceeds from the sale of the excavator to it.
    The court entered the proposed order as its final judgment in
    the matter. Volpe appealed.

   The Court of Appeals *held:*

   The trial court erred in entering judgment in favor of the
    plaintiff, whose motion was only for possession pending final
    judgment, and not for summary disposition. The trial court
    therefore was not empowered to assess the merits of the plain-
    tiff's underlying claim or Volpe's defenses and to render final
    judgment. The trial court should have limited its decision to
    whether Volpe may have a meritorious defense to the plaintiff's
    action.

   Reversed and remanded.

*Myles & Myles, P.C.* (by *Kenneth J. Myles*), for
the plaintiff.

*Law Offices of Dean & Lake* (by *Scott A. Ku-
dirka*), for the defendant.

Before: HOOD, P.J., and JANSEN and G. S. AL-
LEN,* JJ.

PER CURIAM. This is an appeal from an order of
final judgment entered in an action for claim and
delivery. In 1986, plaintiff First of America Bank-
Oscoda accepted a promissory note for $36,117.45
from William G. Soper, who pledged as security
various pieces of construction equipment. Plaintiff
then perfected its security interest in the collat-
eral offered by Soper. In 1987, defendant Joseph
Volpe, through his general contractor, hired Sop-
er's excavating company to perform various work
on a parcel of his property. In the fall of 1987,
Soper & Sons Excavating, Inc., completed the
work, but left an excavator on defendant's prem-
ises. Over the next several months, defendant's
repeated attempts to contact Soper & Sons to have
the excavator removed were unsuccessful. In July
1988, defendant sold the excavator for $8,000.

William Soper eventually defaulted on his note
to plaintiff. In February 1989, plaintiff filed a
complaint against Soper, defendant, and others
alleged to be in possession of collateral listed in
the security agreement. Plaintiff alleged that the
excavator left on defendant's premises was the
same excavator listed as collateral in the security
agreement. Plaintiff filed a motion for possession
of collateral pending final judgment, and secured
an order to show cause against defendant. On
April 17, 1989, the show cause hearing was held
on plaintiff's motion for possession, and defendant
explained that he was no longer in possession of
the excavator left on his premises. Following the
hearing, the trial court issued its opinion, which
denied plaintiff's request for possession pending

* Former Court of Appeals judge, sitting on the Court of Appeals by
assignment.

final judgment because defendant was no longer in possession of the excavator. The court did conclude, however, that plaintiff's security interest followed the excavator and that defendant's claim of abandonment did not exempt the excavator from plaintiff's lien. Accordingly, the trial court ruled that plaintiff was entitled to proceed against defendant.

Plaintiff then prepared a proposed order requiring defendant to pay the $8,000 he had received as proceeds from the sale of the excavator. Defendant retained counsel at this time and filed objections to plaintiff's proposed order. A hearing on defendant's objections was held in September 1989, following which the trial court ruled that plaintiff was entitled to the proceeds and issued a judgment to that effect. From an order making this judgment final, defendant appeals as of right. We reverse.

An action for claim and delivery is governed by MCR 3.105 (formerly GCR 1963, 757), which provides in part:

> (E) Possession Pending Final Judgment.
> (1) Motion for Possession Pending Final Judgment. After the complaint is filed, the plaintiff may file a verified motion requesting possession pending final judgment. The motion must
> (a) describe the property to be seized, and
> (b) state sufficient facts to show that the property described will be damaged, destroyed, concealed, disposed of, or used so as to substantially impair its value, before final judgment unless the property is taken into custody by court order.
>
> *  *  *
>
> (3) Hearing on Motion for Possession Pending Final Judgment.
>
> *  *  *
>
> (b) At the hearing, each party may present

proofs. To obtain possession before judgment, the plaintiff must establish

(i) that the plaintiff's right to possession is probably valid; and

(ii) that the property will be damaged, destroyed, concealed, disposed of, or used so as to substantially impair its value, before trial.

Plaintiff's motion before the trial court was merely for possession pending final judgment, and not for summary disposition. As such, the trial court was not empowered to assess the merits of plaintiff's underlying claim or defendant's defenses and render final judgment. *Loader Leasing Corp v Centurion Excavators, Inc,* 121 Mich App 510, 512-513; 328 NW2d 427 (1982). See also *Bennett v Wright,* 79 Mich App 566; 263 NW2d 17 (1977). Hence, we conclude that the trial court erred in entering judgment in favor of plaintiff where plaintiff only sought possession pending final judgment pursuant to MCR 3.105(E). The trial court should have limited its decision to whether defendant *may* have a meritorious defense to plaintiff's action. *Loader Leasing* and *Bennett, supra.*

Having determined that the entry of final judgment was premature and erroneous, we need not address defendant's remaining arguments. Just as it was improper for the trial court to address the merits of defendant's defenses, it would also be improper for us to make such a determination. However, we do conclude that defendant may have a meritorious defense, because the evidence indicates that the excavator left on his property may not be the same excavator listed as collateral in plaintiff's security agreement. Furthermore, we find that the trial court was correct to deny plaintiff's motion for possession because defendant contested the identification and was no longer in possession of the excavator.

The trial court's February 12, 1990, order of final judgment and its September 11, 1989, order of judgment, both in favor of plaintiff and against defendant Joseph Volpe are reversed. This case is remanded to the circuit court for proceedings consistent with this opinion.

Reversed and remanded.